LEE, Justice, for the Court:
Mrs. Merle Bertucci Byrd filed a petition in the Chancery Court of the Second Judicial District of Harrison County against Lyle M. Page, Executor of the Estate of John J. Bertucci, seeking to reopen the estate of said deceased. The executor filed a motion to dismiss the petition, in the nature of a plea in bar, setting up that the suit was barred by Mississippi Code Annotated Section 91-7-309 (1972). The chancellor, Honorable Jason H. Floyd, Jr., sustained the motion and dismissed the petition, and Mrs. Byrd has appealed.
I.
Was the appellant’s petition barred by the two-year statute of limitations?
John J. Bertucci, a resident of Biloxi, Mississippi, died testate February 12, 1974. The will appointed Lyle M. Page Executor of said instrument, letters testamentary were issued to him February 22, 1974, and the estate was administered until February 27, 1976, when a final decree was entered by Chancellor John S. Morris, which, among other things, contained the following order:
“ORDERED, ADJUDGED and DECREED that the Final Account on file herein be and the same hereby is approved and allowed. .
* * sk * * sk
ORDERED, ADJUDGED and DECREED that upon compliance with the terms of this decree and filing vouchers in this cause, that the said Executor be discharged in the premises.”
The finding of the final decree recited that the court heard and considered the petition for discharge and final account of the said executor, heard and considered oral testimony and documentary proof, includ- *1040 mg testimony from Lyle M. Page, executor; Merle J. Bertucci Byrd, sole beneficiary; Willard H. Byrd, husband of Merle J. Ber-tucci Byrd; and Billy F. Brown, attorney of record for Mrs. Merle J. Bertucci Byrd; and that the court was fully advised in the premises. The court found, among other things, that Mrs. Merle J. Bertucci Byrd was the sole and only beneficiary under the will of John J. Bertucci, deceased, that she joined in the petition, that no objections were filed, and that the account contained an accurate and correct statement of all assets coming into the hands of the executor since the prior accounting, and that the disbursements claimed and made were legal and valid.
The court further found in said decree that the estate had been fully and completely administered, that the trust imposed upon the executor had been fully executed in conformity with statutes of the State of Mississippi and orders of the court, and that it was to,the best interest and advantage of all parties that the estate be closed; that Mrs. Merle Bertucci Byrd be placed in possession of all property belonging to the estate of her deceased husband; and that the sale of estate assets[1] (real property) by her and the executor to G. W. Scarbrough, F. Walker Tucei, F. Walker Tucei, Jr., Marcia R. Swetman, Kosta Vlahos and Martin Morreale, were ratified, confirmed and approved.
Mrs. Byrd contends the record, or minutes, did not indicate that the final account had been filed, and that, therefore, the February 27, 1976 decree approving it was a nullity, that the two-year statute of limitations does not apply and that she should have been permitted to reopen the estate and litigate charges in her petition that (1) real property of the estate was sold by the executor at a grossly inadequate value for payment of inheritance taxes and other expenses, (2) that the executor negligently overpaid inheritance taxes in the sum of approximately one hundred five thousand dollars ($105,000), and (3) that the executor, acting in a trust capacity, perpetrated a fraud upon the estate.
Mississippi Code Annotated Section 91-7-309 (1972), sets forth the following:
“Any person interested may, at any time within two years after final settlement, by bill or petition, open the account of any executor, administrator, or guardian and surcharge and falsify the same, and not after, saving to minors and persons of unsound mind the same time after the removal of their disabilities. Such bills or petitions may be filed without leave of the court or chancellor, and evidence shall be admissible in such cases to show the falsity of the account. Such bills and petitions shall not be governed by the rules applicable to bills of review in chancery, but in such cases it will be the duty of the court to correct any errors of law or fact occurring in the final settlement of the executor, administrator, or guardian.” (Emphasis added)
Mississippi Code Annotated Section 91-7-291 (1972), with reference to final accounts, provides:
“When the estate has been administered by payment of the debts and the collection of the assets, it shall be the duty of the executor or administrator, unless the court or chancellor, on cause shown, shall otherwise order, to make and file a fina! settlement of the administration by making out and presenting to the court, under oath, his final account, . ” (Emphasis added)
As stated, appellant simply contends that Section 91-7-309 does not apply for the reason that no account was filed and no final settlement was made, and, in any event, she had a period of two (2) years from and after filing her petition to reopen the estate before the statute applies. The final account, while signed by Lyle M. Page, Executor, and approved by Merle J. Bertuc-ci Byrd, was not stamped “Filed” until March 7, 1979.
In addition to the order of the final decree, dated February 27, 1978, as hereinbe-fore set forth, the record contains a transcript of the court reporter’s notes taken *1041 February 12, 1976, before Honorable John S. Morris, chancellor, upon the presentation of, and hearing on, the petition for discharge and the final account. That transcript contains eight (8) typewritten pages and reflects that the executor presented to the court all matters complained of in the petition to reopen the estate, indicated difficulties incurred in working out the financial problems of the estate, went into the value of the real property and other properties, and indicated that, there was presented to the court a disbursement sheet (account) which was introduced into evidence. The transcript also reflects that the appellee was present with Mr. Byrd, her husband, Mr. Page, and her attorney, Mr. Billy Brown; that the court inquired of them all concerning the estate and what had been done; that they all had knowledge of the things that had transpired and that they were not only agreeable to the court’s approving the final account, but Mrs. Merle Bertucci Byrd had joined in the account and petitioned for approval of same.
The appellant argues that the transcript mentioned above was not properly before the court and that it should not have been considered by the chancellor. She further contends here that it is not before this Court, presumably because it was not designated as a part of the record, and that no diminution of the record was sought by appellee. However, the pleadings, which include the answer of appellee to the petition to reopen the estate, made the transcript a part of same as if fully copied therein, no motion was made to strike any part of the record, and we view same as a part of the record properly before us.
The final account, together with the petition for discharge of the executor, were found by the clerk in the closed files of the Chancery Clerk’s Office. Even though the final account itself may not have been marked “Filed,” there is no dispute that it was presented to the court, that it was a part of the record on presentation of same, and that the decree of February 27, 1976, was based upon said account and evidence heard for the approval thereof.
We are of the opinion that the final settlement of the estate was made by the February 27, 1976 final decree approving the final account of the said executor, that the two-year statute of limitations runs from that date, and that the chancellor correctly sustained the plea in bar and dismissed the petition to reopen the estate. Smith v. Bank of Clarksdaie, 374 So.2d 776 (Miss.1979); Barrett v. Turner, 229 So.2d 563 (Miss.1969); Shepherd v. Townsend, 249 Miss. 383, 162 So.2d 878 (1964).
II.
Was fraud charged to the extent that it constitutes a bar to the statute of limitations?
The petition to reopen the estate averred that the executor permitted estate property to be sold to persons in a confidential relationship with him at an inadequate price. However, there was no specific charge of fraud against the executor and the strongest charge of the petition was “The petitioner avers that the facts set out above, if true, are sufficient to shock the enlightened conscience, and that it is unnecessary to use the word ‘fraud’ in this petition.” Likewise, the record shows, as stated, that the chancellor approved the sale of real property to the individuals purchasing same, that appellee was present at the hearing when the sale was approved, and she, along with the executor, was authorized to sign the deeds of conveyance. There is no merit in this assignment. Citizens’ National Bank v. First National Bank, 347 So.2d 964 (Miss.1977).
For the reasons given, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.

. Real property referred to in (1), infra.