WALLER, Presiding Justice,
for the Court.
¶ 1. On September 6, 1992, eight-year-old Michelle Denise Hodges was burned when a gas-fired hot water heater located in her grandparents’ home exploded. Hodges died from her injuries thirteen days later. Hodges’s mother and sister filed a wrongful death suit in the Circuit Court of Holmes County in 1999 naming Mississippi Valley Gas Company as the primary defendant. State Industries, Inc. was joined as a defendant in the suit by the plaintiffs in an amended complaint on June 11, 2002. The amended complaint alleged that a gas-fired water heater manufactured by State Industries was the source of ignition of flammable vapors that caused Michelle’s injuries. Because the amended complaint implicating State Industries was filed nearly ten years after Michelle’s death, the applicable three-year statute of limitations under Miss.Code Ann. § 15-1-49 (Rev.2003) would normally apply and prevent the plaintiffs’ claim against State Industries. Plaintiffs’ amended complaint alleged fraudulent concealment by State Industries of documents and information concerning Michelle Hodges’s death in an obvious attempt to escape dismissal under the applicable statute of limitations. State Industries filed a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) due to the untimeliness of the claim and for failure to state a legally sufficient claim of fraudulent concealment to toll the statute of limitations. The circuit court held a hearing on State Industries’ motion to dismiss and found that the plaintiffs had adequately pled fraudulent concealment to defeat a motion to dismiss on the pleadings. The circuit court also denied a motion by State Industries to certify an appeal and stay the case. State Industries obtained this Court’s permission to seek an interlocutory appeal of the circuit court’s denial of the motion to dismiss. See M.R.A.P. 5. We affirm and remand.
DISCUSSION
¶ 2. We review questions of law, like motions to dismiss, de novo. Richard *945 son v. Sara Lee Corp., 847 So.2d 821, 823 (Miss.2003); Nguyen v. Miss. Valley Gas Co., 859 So.2d 971, 976-77 (Miss.2002). However, the decision to grant or deny a motion to dismiss is in the discretion of the trial court and will not be reversed unless that discretion is abused. Missala Marine Servs., Inc. v. Odom, 861 So.2d 290, 294 (Miss.2003); Nguyen, 859 So.2d at 977; Roebuck v. City of Aberdeen, 671 So.2d 49, 51 (Miss.1996).
¶ 3. The issue in this appeal is whether fraudulent concealment alleged in a complaint to toll the statute of limitations must be pled with particularity under Mississippi Rule of Civil Procedure 9(b). The statute of limitations on a plaintiffs claim can be tolled by a defendant’s fraudulent attempts to hide a potential cause of action from that plaintiff. Miss.Code Ann. § 15-1-67 (Rev.2003) states that “if a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.”
¶ 4. The Hodgeses’ complaint alleges that State Industries fraudulently concealed information concerning Michelle’s death in order to prevent discovery of any legal liability on their part. Only two paragraphs in the amended complaint are applicable to their claim of fraudulent concealment of the cause of action by State Industries:
9. Shortly thereafter, the United States Product Safety Commission (“USPSC”) on September 29, 1992 conducted an investigation into the burning death of Michelle Hodges. The results of USPSC’s investigation, which concluded that vapors from gasoline located in the storeroom were ignited by the pilot light for the water heater, were subsequently forwarded to SII [State Industries]. Following receipt of USPSC’s report, SII actively concealed the contents of the report and the dangerous, defective and hazardous condition of the water heater that caused Michelle Hodges’ death from Ms. Hodges and others with the intent and result that plaintiffs not discover their cause of action against SII.
26. The gas-fired water heater manufactured, designed, tested, marketed, distributed and sold by SII was defective and unreasonably dangerous. At the time of its design, manufacture, testing, marketing, distribution, and sale of the subject water heater, SII knew that the subject water heater was defective and unreasonably dangerous. Despite this knowledge, SII actively concealed the defective, dangerous, and hazardous condition of the water heater from the general public, including plaintiffs, with the intent and result that plaintiffs not discover their cause of action against SII.
State Industries filed a motion to dismiss alleging that the amended complaint was factually insufficient in its fraudulent concealment allegation because it lacked the specificity that special pleadings require under Mississippi Rule of Civil Procedure 9(b).[1] The Hodgeses argued that their allegation of fraudulent concealment did not violate any pleading rules pursuant to Smith v. Franklin Custodian Funds, Inc., 726 So.2d 144 (Miss.1998). The circuit *946 court denied State Industries’ motion to dismiss based on the language in Smith.
¶ 5. When fraudulent concealment and other fraud-based allegations are asserted, the failure to plead sufficiently will result in the dismissal of the complaint. Stephens v. Equitable Life Assurance Society, 850 So.2d 78 (Miss.2003). See also Coleman v. Conseco, Inc., 238 F.Supp.2d 804, 813 (S.D.Miss.2002) (finding that if under Mississippi law fraudulent concealment is a cause of action then it must be pled with specificity). According to the Comment to M.R.C.P. 9(b), “ ‘[c]ircum-stances’ refers to matters such as the time, place, and contents of the false representation, in addition to the identity of the person who made them and what he obtained as a result.” (emphasis added). In paragraph 9 of the First Amended Complaint the plaintiffs state that the USPSC investigation took place on September 29, 1992, and the report was “subsequently forwarded to SII”; that the substance of the fraudulent concealment was the USPSC report; that the identity of the party responsible for the fraudulent concealment was SII; and that the result of the concealment was that “plaintiffs [did] not discover their cause of action against SII.” Given these allegations, the circuit court did not abuse its discretion in finding that fraudulent concealment had been sufficiently pled to defeat a motion to dismiss on the pleadings. The M.R.C.P. 9(b) particularity requirement was satisfied in the substance of the First Amended Complaint.
CONCLUSION
¶ 6. This Court finds that when fraudulent concealment or other fraud-based allegations are asserted in a complaint they must be pled with specificity and particularity under M.R.C.P. 9(b). While minimal, the Hodgeses’ pleadings were factually particular enough to satisfy M.R.C.P. 9(b), and the circuit court’s decision to deny State Industries’ motion to dismiss was not an abuse of discretion. Whether the alleged fraudulent concealment will toll the statute of limitations is a question not before us. Accordingly, we affirm the trial court’s order denying State Industries’ motion to dismiss, and we remand this case to the trial court for further proceedings consistent with this opinion.
¶ 7. AFFIRMED AND REMANDED.
EASLEY, CARLSON AND RANDOLPH, JJ„ CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. SMITH, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COBB, P.J., AND DICKINSON, J. DIAZ, J., NOT PARTICIPATING.

. While M.R.C.P. 8(a) does not require specificity in pleadings generally, M.R.C.P. 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.’’