CARLTON, J.,
for the Court.
¶ 1. The Harrison County Chancery Court set aside an order to reopen an estate and for an accounting of estate assets. The court also granted a motion to dismiss the petition to reopen which was previously granted. The petitioners, seeking to reopen the estate and an accounting, appeal, arguing that an interested party was before the court and that fraud was sufficiently alleged to toll the statute of limitations. Finding no error, we affirm the dismissal of the action as barred by the statute of limitations.
FACTS
¶ 2. Corrine L. Hudson was born on December 10, 1915. She was widowed when her husband, Lawrence Joseph Hudson, Sr. died on September 15, 1991. On December 13, 1996, two of Corrine’s four children, Lawrence Hudson, Jr. and Audrey McClendon, were appointed co-conservators of their mother. On December 9,1999, Corrine passed away.
¶ 3. After a final accounting of the con-servatorship was approved, Corrine’s estate was opened on February 6, 2001. Lawrence Hudson, Jr. was appointed as the administrator of the estate. At the time of her death, Corrine’s heirs included her three living children, Shirley McGee, Lawrence Hudson, Jr., and Audrey McClendon, and the three surviving heirs of Corrine’s already deceased child, James Hudson. On December 4, 2001, the Harrison County Chancery Court entered an order approving the waiver of a final accounting for the estate and discharged Hudson as the administrator. It is at this point that Hudson’s duties as administrator were discharged and all of the estate’s assets were distributed. All of the heirs at law, including Audrey, joined in the petition to close the estate and to approve the waiver of final accounting. Through the petition, all of the heirs swore that everything in the petition was true and correct.
¶ 4. On November 12, 2004, Audrey’s son, James McClendon, filed a petition to reopen his grandmother’s estate and for an accounting of the estate’s distributed assets. The petition did not request an accounting of the conservatorship. On December 2, 2004, the chancery court granted the petition, reopened the estate, and ordered the administrator to account for and explain the distribution of all of the funds of both the estate and conservator-ship.
¶ 5. On February 28, 2005, Hudson filed a response to McClendon’s motion and a motion to dismiss McClendon’s petition. The motion to dismiss set out the defenses that McClendon lacked standing, that the statute of limitations had run, that McClendon’s petition failed to state a claim on which relief could be granted, failed to join necessary and indispensable parties, that McClendon failed to support his allegations with any factual basis, and that McClendon was using these proceedings to force Hudson to sell to McClendon a strip of land which Hudson owned.
¶ 6. On May 26, 2004, Hudson filed a motion to set aside the order granting McClendon’s petition. Hudson argued that McClendon was granted relief to which he was not entitled. McClendon then filed a motion to remove Hudson as the administrator of the estate, to revoke the previously issued letters of administration, and to appoint a new administrator and new letters of administration.
¶ 7. On May 24, 2005, Audrey filed a document purporting to join McClendon’s petitions, stating in part that Audrey had received and reviewed a copy of the petitions and “does hereby enter her appearance and consent to the relief prayed for in the Petitions.” On January 11, 2006, Au *92 drey filed a response to Hudson’s motion to set aside the court’s order. Other motions were filed by the parties. The chancery court held a hearing on February 8, 2006, concerning the numerous motions filed by the parties.
¶8. On May 24, 2006, the chancellor determined that McClendon’s petition to reopen the estate failed to state fraud with particularity as required by Mississippi Rule of Civil Procedure 9(b). The chancellor also determined that the statute of limitations involved was not tolled because none of the interested parties was disabled as defined by statute. Miss.Code Ann. § 15-1-59 (Rev.2003). Therefore, the chancellor granted Hudson’s motion to set aside the order granting the reopening of the estate and for an accounting. Having granted Hudson’s motion to set aside, the chancellor then determined Hudson’s motion to dismiss.
¶ 9. The chancellor determined that McClendon lacked standing to petition the court to reopen the estate and for an accounting. The chancellor reasoned that since McClendon was not an heir at law, that he was not an interested party. Hoskins v. Holmes County Cmty. Hosp., 135 Miss. 89, 92, 99 So. 570, 573 (1924). In addition, the chancellor concluded that McClendon was barred by the applicable two-year statute of limitations. Miss.Code Ann. § 91-7-309 (Rev.2004); Byrd v. Page, 384 So.2d 1038, 1041 (Miss.1980). Aggrieved by the decisions of the chancellor, McClendon appeals. His appeal has been assigned to this Court.
DISCUSSION
¶ 10. The chancellor’s findings of fact are entitled to deference on review unless they are clearly erroneous or manifestly wrong. Graves v. Dudley Maples, L.P., 950 So.2d 1017(¶ 14) (Miss.2007). Questions of law are reviewed de novo. Id.
¶ 11. McClendon filed the petition to reopen the estate and for an accounting nearly three years after the estate had been closed. He argues that the two-year statute of limitation is tolled because fraud was specifically alleged in the petition. He also argues that Audrey was under a disability which allowed for the tolling of the statute of limitation.
¶ 12. The applicable statute of limitation to open the account of the administrator of the estate is two years from the date the estate was closed. Miss.Code Ann. § 91-7-309 (Rev.2004). The estate was closed on December 4, 2001. McClen-don’s petition was filed on November 12, 2004, nearly three years after the estate was closed. We do not discuss the argument that Audrey was under a disability causing the tolling of the statute of limitation. The chancellor found, and the record demonstrates, that other than a mere allegation, no evidence was advanced that Audrey was ever suffering from a disability. Therefore, the issue of whether the statute of limitations was tolled due to a disability is not applicable to this appeal. Fraud may constitute a bar to this statute of limitation. See Byrd, 384 So.2d at 1041.
¶ 13. In Byrd, the supreme court affirmed the decision of a chancellor to dismiss a suit where a petitioner filed to reopen an estate but failed to plead fraud with particularity. Id. Similar to the present situation, in Byrd, a decedent’s widow, also the petitioner to reopen the estate, had previously joined in the petition to close the estate. Her petition to reopen the estate was filed after two years had past since the estate was closed. There was evidence that in addition to jointly requesting that the estate be closed, the petitioner was present at the hearing where the chancellor approved the sale of *93 estate property. The supreme court affirmed the decision of the chancellor to dismiss the suit because the petitioner’s pleading did not allege fraud with the required particularity. Id. at 1039-41.
¶ 14. McClendon argues that the present situation is distinguished from Byrd because Audrey only signed the final order closing the estate. We are mindful of this precedent and McClendon’s argument, but do not find either fully persuasive in the outcome of this case. We now examine whether the pleading in McClendon’s petition stated fraud with the required particularity as to constitute a bar to the statute of limitation here.
¶ 15. The petition alleged the following: That the Administrator, Lawrence Hudson, Jr. did encumber certain real property that was owned by the Estate without Court approval and did misrepresent himself in his individual capacity as the owner of certain real property and did cause the same to be sold without remitting the funds to the Estate. Furthermore, the said Lawrence Hudson, Jr. has refused to account for said funds or to explain his actions to the heirs or to counsel for the Estate, and has further failed and refused [to] distribute assets of the estate to the heirs.
¶ 16. Mississippi Rule of Civil Procedure 9(b) states that “in all aver-ments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.” A complaint will be dismissed when a party fails to sufficiently plead allegations of fraud. State Indus. v. Hodges, 919 So.2d 943, 946(¶ 5) (Miss.2006). In accordance with the comment to Rule 9, the supreme court has stated that “[fraud]' will not be inferred or presumed and may not be charged in general terms. The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated.” Howard v. Estate of Harper, 947 So.2d 854(¶ 20) (Miss.2006) (citation omitted).
¶ 17. In the present case, McClendon’s petition does not specify what property was encumbered or when this act took place. The allegation implies that Hudson wrongfully retained money to which the estate was entitled. The parties provided information in their appellate briefs concerning evidence of fraud and the lack thereof. Evidence was presented to the chancellor at the hearing reflecting that a piece of property was sold by Hudson as a co-conservator and that all of the proceeds of that land sale were accounted for as evidenced by deposits into proper accounts just after the sale of the land. There was also argument concerning a loan secured by certain property, and that the heirs were all aware of the loan prior to jointly petitioning the court to close the estate. However, the evidence that may support that Hudson committed fraud or exculpate him from such an allegation is not relevant to this appeal. We look only to the particularity of the allegation in the pleadings.
¶ 18. The details of the property involved and the time which this alleged act took place are highly relevant here due to Audrey having previously joined a petition with Hudson and the other heirs for the waiver of an accounting and to close the estate. The absent details in the allegation of fraud are significant because Audrey’s knowledge of transactions prior to her petitioning the court to waive an accounting and close the estate may act as a waiver of her right to now petition for an accounting. See Smith v. Bank of Clarksdale, 374 So.2d 776, 781 (Miss.1979) (failure to exercise right to the supplemental realty and suffering the estate to be closed without such setting aside waived right thereto, and resulted in preclusion from reopening the estate pursuant to Section *94 91-7-309); Shepherd v. Townsend, 249 Miss. 383, 162 So.2d 878 (1964) (stating that a decree directing final distribution of the personal estate made in conformity with law is conclusive as to every matter involved and constitutes a bar to further proceedings concerning the same matter).
¶ 19. Of importance is that the sale of land is a transaction that is not easily hidden. The allegations made against Hudson do not include that his alleged fraudulent acts concealed information required to pursue a valid cause of action. See e.g., Hodges, 919 So.2d at 946(¶ 5) (court did not abuse its discretion in holding that allegations of fraud were stated with sufficient particularity where plaintiffs stated the date of an investigation, that a report was forwarded to an identified party who perpetrated the fraud, that the report itself was the substance of the fraudulent concealment, and that the result of the concealment was that plaintiffs did not discover their cause of action against the identified party due to the fraud). McClendon alleged no such concealment here and failed to set out the particular information of the alleged fraud.
¶ 20. McClendon failed to set out in the pleading basic available information such as the time of the conduct and the particular land involved. His allegation of fraud against Hudson was not stated with the required particularity to overcome the statute of limitations. Therefore, the two-year statute of limitations bars McClendon from pursuing this action. The action was barred by the statute of limitations and is dispositive of the appeal.
¶ 21. THE JUDGMENT OP THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.