919 So.2d 258 (2005)
Janice CARDER and Larry Carder, Appellants
v.
BASF CORPORATION, Appellee.
No. 2003-CA-02778-COA.
Court of Appeals of Mississippi.
June 28, 2005.
*259 Harvey Curtis Crowley, Jackson, Brent Hazard, attorneys for appellant.
John A. Crawford, Jackson, Patrick Ryan Beckett, attorneys for appellee.
Before KING, C.J., CHANDLER and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Janice and Larry Carder appeal from the granting of summary judgment in the Chancery Court of Washington County in their civil antitrust action against BASF Corporation.
¶ 2. They argue the following issues:
1. The trial court erred in dismissing the Plaintiffs' second amended complaint for failure to state a claim upon which relief can be granted, and conducted a "trial by paper," rather than examining the Plaintiff's complaint under Mississippi's notice pleading rules.
2. The trial court erred in dismissing Plaintiff's second amended complaint for failure to state a claim upon which relief can be granted without giving the Plaintiffs adequate time for discovery.

*260 3. The trial court erred in dismissing the Plaintiffs' claims as barred by the statute of limitations where the Plaintiffs did not discover, nor in the exercise of reasonable diligence could have discovered, BASF's malfeasance and resulting injuries.
¶ 3. Finding that issue 3 is dispositive of this action, we affirm the grant of summary judgement.

STATEMENT OF THE FACTS
¶ 4. On December 2, 2002, Janice Carder filed an action in the Chancery Court of Washington County on behalf of herself and unnamed John Does, alleging price fixing by the defendants in the sale of vitamins and vitamin-related products. On April 29, 2003, Carder filed a second amended complaint, which added her husband as a named plaintiff. In their second amended complaint, the Carders alleged that BASF, a major vitamin and organic chemical distributor, engaged in a conspiracy to fix prices and allocate markets and volume of sales of its products within Mississippi in violation of Mississippi Code Annotated section 75-21-1 through 39 (Rev.2000) (Mississippi's antitrust statutes). BASF is a foreign corporation which has sold and distributed vitamins, vitamin premixes, bulk vitamin products and organic chemicals in Mississippi since 1978.
¶ 5. On May 28, 2003, BASF filed a 12(b)(6) motion to dismiss, which argued that the Carders' action was time barred by the three year statute of limitation found in Mississippi Code Annotated section 15-1-49(1)(Rev.2003). In support of its position that the Carders' claim was time barred, BASF attached to its motion as exhibits several newspaper articles showing that its action were a matter of public knowledge. These included: (1) a USA Today article dated March 3, 1999; (2) a Dallas Morning News article, dated May 20, 1999; (3) a Washington Post article, dated May 20, 1999; (4) an Associated Press article dated May 20, 1999; (5) an article in The Financial Times of London, dated May 20, 1999; (6) an article in The Toronto Star, dated May 21, 1999; (7) an article in the Sydney, Australia Daily Telegraph, dated May 21, 1999; and (8) an article in the October 7, 1998 Wall Street Journal.
¶ 6. The Carders argued that Mississippi Code Annotated section 15-1-49(2) (Rev. 2003), which provides that for latent injuries, the cause of action does not accrue until the plaintiff has discovered or with reasonable diligence should have discovered the injury, was the correct limitation statute to apply. The Carders filed affidavits, which stated that they learned of the actions of BASF in the year 2002.
¶ 7. The chancellor heard arguments on the motion to dismiss on October 30, 2003. On November 19, 2003, the chancellor executed an order dismissing the Carders' claims. The chancellor gave two reasons for his dismissal of the Carders' complaint. First, he said that the Carders had properly alleged that BASF had engaged in an interstate and international conspiracy to unlawfully fix the price of vitamin products, but they had not shown that the actions of BASF met the requirement of the Mississippi antitrust law, Mississippi Code Annotated sections 75-21-1 through 39 (Rev.2000), specifically that BASF's conspiracy occurred wholly within Mississippi. Secondly, the chancellor dismissed the action because the Carders had failed to bring the action within the three-year statute of limitations. The complaint alleges that the conspiracy began not later than 1989 and that the Carders did not learn of it until 2002. They filed the civil action in April 2003.
*261 ¶ 8. BASF has already settled with twenty three states and the District of Columbia for $305 million for violations of federal antitrust law and its parent company entered a guilty plea to certain criminal violations of federal antitrust law. See, e.g., In re Vitamins Antitrust Litigation, 209 F.R.D. 251 (2002) (BASF ordered to pay criminal fine of $225 million for vitamin price fixing after pleading guilty to federal antitrust laws); Alaska ex rel. Atty. Gen. Botoelho v. Hoffman-La Roche, Inc., No. Civ. A. 01 1583, Aug. 3, 2001 (D.C.Cir.) (BASF along with other vitamin makers are enjoined from price-fixing and ordered to pay part of a $4.4 million settlement with seven states.).

ANALYSIS
¶ 9. The standard of review for a motion to dismiss for failure to state a claim upon which relief can be granted is that the motion raises a question of law which this Court reviews de novo. Poindexter v. Southern United Fire Ins.Co., 838 So.2d 964, 966 (¶ 12) (Miss.2003). "[T]he allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." Id.
¶ 10. A motion to dismiss is not favored and should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss. 1990).

Statute of Limitations
¶ 11. The application of a statute of limitations is a question of law so that on appeal this Court applies a de novo review with the Court reviewing the evidence in the light most favorable to the non-moving party. Jackpot Mississippi Riverboat, Inc. v. Smith, 874 So.2d 959, 960(¶ 4) (Miss.2004).
¶ 12. The trial court found that the action was barred by Mississippi Code Annotated section 15-1-49 (Rev.2003), the three-year statute of limitations. The court noted that this action was barred even under the longer statute, and held it unnecessary to determine which period of limitation applied to the civil penalties. The plaintiffs argue that section (2) of that statute on latent injuries applies and the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered the injury. The reason for the rule is that it would be illogical to bar a plaintiff's claim for injuries for which he is unaware, or in the exercise of reasonable diligence could not have become aware. Owens-Illinois v. Edwards, 573 So.2d 704, 708 (Miss.1990). The Carders allege that they were unable to discover the actions of BASF because of its fraudulent concealment. Fraudulent concealment applies to any cause of action, and will toll the statute of limitations. Stephens v. Equitable Life Assurance Society of the United States, 850 So.2d 78 (¶ 18) (Miss.2003). However, a plaintiff, who seeks to avail himself of the fraudulent concealment doctrine, must plead fraudulent concealment, and then prove that some affirmative act or conduct was done by the defendant which prevented discovery of a claim and that due diligence was performed on his part to discover it. Id. The plaintiffs pled fraudulent concealment in the second amended complaint.
¶ 13. The undertaking of a criminal conspiracy is seldom if ever, announced to the public. The efforts of BASF to engage in price fixing was just such a conspiracy. It is therefore subject to the period of limitations for latent injuries. That is that the period of limitation commences on the date of discovery, or when with due diligence, *262 the injury could have been discovered.
¶ 14. While applying the latent injury limitation to this action, this Court finds that this information was placed in the public domain as early as October 7, 1998, with the publication of The Wall Street Journal article. From and after that date, the dissemination of this information increased in an ever widening circle. When the information is placed in the public domain, the doctrine of fraudulent concealment ceases to be applicable. Thus the chancellor correctly held that these claims would be time barred.
¶ 15. This opinion is not intended to suggest that information published in a newspaper located anywhere automatically is sufficient to commence the running of the statute of limitation on a latent injury, but is limited solely to the facts of this case.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.