970 So.2d 200 (2007)
Frank McWILLIAMS, Appellant
v.
John H. McWILLIAMS, as Trustee of the D. Rials McWilliams Trust, and Individually; and, D. Rials McWilliams, a Minor, Appellee.
No. 2007-CA-00170-COA.
Court of Appeals of Mississippi.
November 20, 2007.
*201 Michael L. Knapp, attorney for appellant.
Lindsey C. Meador, Cleveland, attorney for appellee.
Before MYERS, P.J., GRIFFIS and CARLTON, JJ.
MYERS, P.J., for the Court.
¶ 1. The underlying facts of this appeal arise from the Sunflower County Chancery Court's denial of Frank McWilliams's motion to set aside a warranty deed transfer and a trust. D. Rials McWilliams, a minor, by and through his mother and next friend, Jane R. Weathersby, in defense of the D. Rials McWilliams Trust, was awarded summary judgment after the chancery court found that Frank McWilliams' motion was time-barred by the three-year statute of limitations. From the summary judgment, Frank appeals, asserting that the chancellor erred (1) in applying the three-year statute of limitations pursuant to Mississippi Code Annotated section 15-1-49 (Rev.2003), rather than the ten-year statute of limitations under Mississippi Code Annotated section 15-1-7 (Rev.2003); (2) in holding that the statute of limitations was not tolled by fraud; and (3) in holding that the statute of limitations was not tolled because there was a public record of the deed and trust agreement. Finding no error in the decision of the chancery court, we affirm the grant of summary judgment.

FACTS
¶ 2. On April 23, 1999, Frank McWilliams, an attorney, was incarcerated in the Sunflower County jail after being arrested for burglary. While in jail, Frank executed an irrevocable trust and warranty deed naming his minor son, D. Rials McWilliams, as beneficiary. Both of these instruments were prepared by Frank's *202 brother, John H. McWilliams, also an attorney. John was named as the trustee, and the instruments were backdated to September 14, 1998. The irrevocable trust and warranty deed were filed on the same day they were executed, April 23, 1999, as public records in the chancery clerk's office of Sunflower County.
¶ 3. Over six years later, on July 25, 2005, Frank sought to set aside the warranty deed and trust, claiming fraud, undue influence, overreaching, and a lack of mental capacity due to his drug addiction. In his motion to set aside the deed and irrevocable trust, Frank alleged that his brother, John, fraudulently presented the deed transfer and trust documents for execution under the guise that the documents were actually intended to facilitate his release from jail and admittance into a drug rehabilitation center.

STANDARD OF REVIEW
¶ 4. This Court's standard of review for a grant or denial of a motion for summary judgment is well-established:
Our appellate standard for reviewing the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. This Court employs a de novo standard of review of a lower court's grant or denial of a summary judgment and examines all the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant should be given the benefit of the doubt.
Arrechea Family Trust v. Adams, 960 So.2d 501, 504(¶ 6) (Miss.Ct.App.2006) (quoting Heigle v. Heigle, 771 So.2d 341, 345(¶ 8) (Miss.2000)).

DISCUSSION
¶ 5. Because each of the issues presented for review concern the same subject matter, we combine the issues as follows:
WHETHER THE CHANCERY COURT COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE TRUST ON THE GROUND THAT FRANK McWILLIAMS'S COMPLAINT SEEKING TO SET ASIDE THE IRREVOCABLE TRUST AND DEED WAS TIME-BARRED BY THE THREE-YEAR STATUTE OF LIMITATIONS
¶ 6. Frank argues that the chancery court erred in holding that his complaint alleging a fraudulent conveyance was time-barred pursuant to the three-year statute of limitations found in Mississippi Code Annotated section 15-1-49. He asserts that his claim to set aside the warranty deed and trust should have been afforded the ten-year statute of limitations, found in Mississippi Code Annotated section 15-1-7, because this statute speaks directly to the recovery of real property. The Trust argues that the chancery court was correct in applying the catch-all statute of limitations pursuant to Mississippi Code Annotated section 15-1-49 to bar Frank's claim, because his suit is predicated *203 upon a claim of fraudulent conveyance, a claim which must be brought within three years of discovery of the transferred property.
¶ 7. Our supreme court has directly addressed the issue we are presented with in this appeal in O'Neal Steel, Inc. v. Millette, 797 So.2d 869 (Miss.2001). In O'Neal Steel, Inc., the supreme court affirmed a grant of summary judgment because suit to set aside an alleged fraudulent conveyance was brought outside of the applicable three-year limitations period of Mississippi Code Annotated section 15-1-49. Id. at 875(¶ 25). The ten-year limitations period set out in Mississippi Code Annotated section 15-1-7 did not apply, as the court found that no action to recover land was involved.[1] Rather, the three-year "catch-all" limitations period of Mississippi Code Annotated section 15-1-49 applied and started running when the deed was filed and recorded. Id. at 875(¶ 20). Although the plaintiffs argued that the statute of limitations should have been tolled due to concealed fraud, the court found that the plaintiffs failed to exercise reasonable diligence to discover the property transfer, a matter of which was public record. Id. at 876(¶ 27). Based on this finding, the court dismissed the argument.
¶ 8. Here, Frank did not bring suit to set aside the land deed transfer or resulting trust on the basis of fraud until approximately six years after the warranty deed and trust were recorded in the chancery clerk's office. He seeks a finding that the chancery court should have applied the ten-year statute of limitations of Mississippi Code Annotated section 15-1-7, and, thus, his complaint would not be time-barred. However, when a complaint is brought to set aside a land transfer based upon an alleged fraudulent conveyance, the three-year statute of limitations, found in Mississippi Code Annotated section 15-1-49, begins running once the complainant either discovers, or should have discovered with due diligence, the property transfer. O'Neal Steel, Inc., 797 So.2d at 875-76 (¶¶ 24-26). Therefore, Frank's complaint, predicated upon fraud, was to be filed within three years of the transfer, or within three years of the time he would have discovered the transfer using due diligence. The ten-year statute of limitations set out in Mississippi Code Annotated section 15-1-7 cannot be applied to Frank's suit, as this statute only governs actions to recover land and presupposes the complainant is asserting a possessory interest in the land in question.
¶ 9. Frank alternatively argues that his complaint to set aside the warranty deed and trust is not time-barred due to the tolling of the statute of limitations under the doctrine of concealed fraud. While Frank is correct in asserting that concealed fraud may toll the statute of limitations, the doctrine of concealed fraud will not toll the statute of limitations where the instrument is recorded as a matter of public record. Carder v. BASF Corp., 919 So.2d 258, 262(¶ 14) (Miss.Ct.App.2005) (holding that "[w]hen the information is placed in the public domain, the doctrine of fraudulent concealment ceases to be applicable.") Specifically, "where an alleged fraudulent conveyance of real property is recorded and available to the public, there can be no concealed fraud preventing the running of statute of limitations." O'Neal *204 Steel, Inc., 797 So.2d at 876(¶ 26). Frank cannot claim that concealed fraud tolled the applicable statute of limitations because the warranty deed transfer and irrevocable trust were filed as public records in the office of the clerk of Sunflower County. The chancellor found that the recording of the deed in the chancery clerk's office obviates the defense of concealed fraud which would toll the statute of limitations, and we agree.

CONCLUSION
¶ 10. The three-year statute of limitations in Mississippi applies to an action to set aside a deed on the basis of fraud. Concealed fraud may toll the statute of limitations; however, concealed fraud will not toll the statute of limitations where the instrument is recorded as a matter of public record. Thus, when Frank filed his motion to set aside the irrevocable trust and warranty deed, the statute of limitations had already run. Therefore, the chancellor was correct in granting summary judgment in favor of the Trust, because there were no genuine issues of material fact left to discern. Accordingly, we affirm the grant of summary judgment.
¶ 11. THE JUDGMENT OF THE CHANCERY COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Examples of suits brought subject to the ten-year statute of limitations are those to establish adverse possession, remove a cloud on title, or conformation of mineral rights. O'Neal Steel, Inc., 797 So.2d at 873(¶ 11). A petition to set aside a land transfer or warranty deed is not a suit implicating the statute of limitations found in Mississippi Code Annotated section 15-1-7. Id.