MYERS, P.J.,
for the Court:
¶ 1. On March 11, 2003, Julia Walls, R.C. Holliday, and Stella Coleman (collectively, the plaintiffs) filed a complaint in the Chancery Court of Clay County to set aside or reform a warranty deed recorded in January 1974. The deed purported to have been executed in late 1973 and early 1974 by the heirs of Julia Holliday, consisting of the plaintiffs, Christine Heard Ivy, and three other individuals — William Holli-day, LaZure Holliday, and Bernice Heard. It conveyed six acres of land in Clay County to Christine Heard Ivy and her husband, Sherman Ivy (Ivy). The signatures of R.C. Holliday, William Holliday, and Christine Heard Ivy were notarized in Clay County, Mississippi, while the signatures of Julia Walls, Stella Coleman, La-Zure Holliday, and Bernice Heard were notarized in Cook County, Illinois. Some time prior to the initiation of this action, Christine Heard Ivy died.
¶ 2. The plaintiffs alleged in their complaint that they had intended to convey only one acre to the Ivys and that the deed conveying six acres had been either inadvertently or fraudulently executed. They further alleged that they had discovered the deed in late 2002, approximately twenty-eight years after it was recorded, and had sought counsel and filed suit shortly thereafter. Ultimately, both parties filed competing motions for summary judgment. Relevant to this appeal is Ivy’s motion, which alleged that summary judgment should be granted because the plaintiffs’ claims were barred by the statute of limitations.
¶ 3. The plaintiffs argued that their suit was not barred because a concealed fraud tolled the statute of limitations. They introduced the depositions of plaintiffs Julia Walls and R.C. Holliday, as well as the deposition of Bernice Heard, a grantor who was not a plaintiff in this suit, in opposition to the motion. Julia Walls and Bernice Heard stated in their affidavits that they had never seen the deed in question, and they alleged that their signatures on the instrument had been forged. R.C. Holliday’s affidavit stated only that he had “intended” to convey only one acre, not six as the deed stated.
¶ 4. The trial court held that because the deed was recorded, it was not “concealed” and, therefore, the statute of limitations could not be tolled by a concealed fraud. The trial court granted summary judgment to Ivy, and the plaintiffs appeal.
STANDARD OF REVIEW
¶ 5. We review a trial court’s disposition of a motion for summary judgment de novo. Treasure Bay Corp. v. Ricard, 967 So.2d 1235, 1238 (¶ 10) (Miss.2007). This Court “examines all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.” City of Jackson v. Sutton, 797 So.2d 977, 979 (¶ 7) (Miss.2001) (citations omitted). The moving party has the burden of demonstrating that no genuine issue of material fact exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact. Id. “If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party’s favor.” Monsanto Co. v. Hall, 912 So.2d 134, 136 (¶ 5) (Miss.2005).
DISCUSSION
1. Tolling of the Statute of Limitations; Concealed Fraud
¶ 6. Because the deed was recorded in 1974 and suit was brought in 2003, both parties agree that the plaintiffs’ claims are barred by the statute of limitations unless the statute was tolled by the concealed *317 fraud doctrine. The plaintiffs argue that their affidavits created a genuine issue of material fact in this regard and that the chancellor erred in granting summary judgment to Ivy.
¶ 7. This Court has stated that the statute of limitations on a cause of action to set aside an alleged fraudulent conveyance begins to run “once the complainant either discovers, or should have discovered with due diligence, the property transfer.” McWilliams v. McWilliams, 970 So.2d 200, 203 (¶ 8) (Miss.Ct.App.2007) (citing O’Neal Steel, Inc. v. Millette, 797 So.2d 869, 875-76 (¶¶ 24-26) (Miss.2001)). However, “[c]oncealed fraud may toll the statute of limitations, [but it] will not toll the statute ... where the instrument is recorded as a matter of public record.” Id. at (¶ 9) (citing Carder v. BASF Corp., 919 So.2d 258, 262 (¶ 14) (Miss.Ct.App.2005)). “When the information is placed in the public domain, the doctrine of fraudulent concealment ceases to be applicable.” Carder, 919 So.2d at 262 (¶ 14). Simply put, the rule is that “where an alleged fraudulent conveyance of real property is recorded and available to the public, there can be no concealed fraud preventing the running of the statute of limitations.” McWilliams, 970 So.2d at 203-04 (¶ 9) (quoting O’Neal Steel, 797 So.2d at 876 (¶ 26)).
¶ 8. The plaintiffs argue that the rule as stated in McWilliams is inapplicable because some of the plaintiffs, particularly Julia Walls and Stella Coleman, are residents of Illinois and could not have been put on notice by the filing of a deed in the record office of Clay County, Mississippi. For relevant authority, the plaintiffs cite only Guiseppe v. Cozzani, 193 So.2d 549, 554 (Miss.1966), where the supreme court stated:
All of the nephews and nieces of Frank Toney, except Mary Cozzani, lived in the Republic of Italy, at the time of his death in 1896. They, thus, lived some 4,000 miles from the shores of the United States. They were uneducated people who knew nothing about the United States, its laws, its courts and its legal records. How could this Court or any court hold that these illiterate people, 4,000 miles away, were given actual notice or the equivalent thereof by the filing of pleadings and deeds in the Warren County Chancery Clerk’s Office in Vicksburg, Mississippi?
Although the court in Guiseppe did find a concealed fraud, this statement was not addressed to that issue. The court was instead concerned with whether a recorded deed constituted sufficient notice for adverse possession. Id. at 553-54. Furthermore, the holding that it did not in that case was not predicated on the distances involved, but on the rule of law that one cotenant must “oust” the others before he may obtain exclusive title to common property through adverse possession. Id. “Ouster is unequivocal notice by one co-tenant that he intends to adversely possess the claims of his fellow co-tenants.” Williams v. Estate of Williams, 952 So.2d 950, 953 (¶ 8) (Miss.Ct.App.2006) (citing Jordon v. Warren, 602 So.2d 809, 815 (Miss.1992)). The Guiseppe court concluded that the recording of a deed — irrespective of where the cotenants were located— was insufficient notice of an adverse claim to constitute their ouster.[1] Guiseppe, 193 So.2d at 554. This issue is without merit.
*318 2. Remand to File Amended Complaint
¶ 9. In their second issue, the plaintiffs argue that the trial court should have granted Ivy’s initial motion to dismiss their complaint, without prejudice, to allow them to file an amended complaint “in order to better and more artfully draw their complaint.”
¶ 10. We find this issue procedurally barred on appeal because the plaintiffs have failed to cite any relevant authority showing that this amounted to reversible error. Ruff v. Estate of Ruff, 989 So.2d 366, 372 (¶ 24) (Miss.2008). Furthermore, the issue is subject to another procedural bar on appeal because it appears from the record that the plaintiffs made no effort to file an amended complaint during the approximately five years this case was before the lower court. The supreme court has stated that “a trial judge cannot be put in error on a matter not presented to him for his decision.” Bender v. N. Meridian Mobile Home Park, 636 So.2d 385, 389 (Miss.1994) (citing Mills v. Nichols, 467 So.2d 924, 931 (Miss.1985)). We decline to address this issue.
3. Tolling of the Statute of Limitations; Wills Probated
¶ 11. In their reply brief on appeal, the plaintiffs argue that the statute of limitations should be tolled because the estates of Julia Holliday and Christine Heard Ivy were never probated. We decline to address this issue because it is procedurally barred since it was not raised in their principle brief on appeal, Tanner v. State, 20 So.3d 764, 768 n. 4 (Miss.Ct.App.2009), and because the plaintiffs have failed to cite any relevant authority. Ruff, 989 So.2d at 372 (¶ 24).
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF CLAY COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT.

. This rule was modified somewhat in Quates v. Griffin, 239 So.2d 803, 811 (Miss.1970) (opinion on rehearing), where the supreme court held that a deed could constitute an ouster so long as “the grantee ... had no interest whatever in the land prior to the execution of the deed, either as a cotenant by deed or as a cotenant by inheritance.”