KING, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On May 21, 2009, Justin Walton sued his uncles, John Walton and Kenneth Walton, and argued that he should have inherited land in 1992 from his grandfather’s estate, which was conveyed by deed to John and Kenneth in 1989. The chancellor dismissed the case for failure to state a claim upon which relief could be granted, as barred by the doctrine of res judicata, and as time-barred. Justin was ordered to pay $1,000 in sanctions to John and Kenneth for filing a frivolous lawsuit. Aggrieved, Justin timely filed this appeal, raising the following issues: whether the trial court erred by finding that his claim was barred by the doctrine of res judicata, and whether the trial court erred by finding that his claim was time-barred. Finding no error, we affirm.
I. Estate Proceedings
¶ 2. Edward and Jacqueline Walton had three sons: George, John, and Kenneth. George, Justin’s father, died in 1984, predeceasing his parents. On December 12, 1989, Edward and Jacqueline conveyed their interest in six parcels of land to John and Kenneth as tenants in common, reserving a life estate for themselves.
¶ 3. Edward died intestate on August 6, 1990. Thereafter, the estate was opened for probate. The petition for appointment of administrators named Jacqueline, John, and Kenneth as the sole heirs at law. The record shows that on April 4, 1991, Justin, who was twelve years old at the time, was *470 given notice of the estate proceedings; and his mother, Mary Lou Boles, was given notice as well.
¶ 4. Boles, on behalf of Justin, filed a response to John and Kenneth’s petition for a final accounting, to discharge administrators, and to close the estate. In the response, Boles stated that she was without sufficient information to admit or deny the allegations contained in the petition and requested that the chancellor refuse to approve the closing of the estate. On January 27, 1992, Boles’s attorney filed a motion to withdraw as counsel, stating that he had repeatedly tried to contact Boles regarding the disposition of her case and that she had failed to respond to him. The chancellor granted the motion to withdraw and gave Boles thirty days to employ new counsel or to notify the chancellor if she wished to proceed without counsel. Boles failed to notify the chancellor of her intention to employ new counsel or to proceed pro se.
¶ 5. On June 23, 1992, the chancellor entered his judgment distributing the widow’s allowance, discharging the administrators, and closing the estate. In the order, the chancellor noted that Justin was an hem at law and that Boles did not pursue her petition before the court. The chancellor determined that the only asset of the estate was a 1986 Chevrolet truck, which was given to Jacqueline as her widow’s allowance, and that there were no other assets in the estate to distribute. Therefore, the estate was closed.
II. Justin’s Lawsuit
¶ 6. On May 21, 2009, Justin filed a complaint in the Hinds County Chancery Court against John and Kenneth to set aside the 1989 deed. Justin argued that: he was entitled to inherit one-third of the property; his grandparents intended to give him his share; and after the estate proceedings, his uncles made representations to him that he would receive a share of the property. Justin also argued that John and Kenneth misrepresented the value of Edward’s estate during the probate of the estate, and his uncles exerted undue influence over his grandparents to obtain their real property.
¶ 7. John and Kenneth filed a motion to dismiss and a motion for sanctions. The chancellor found that Justin’s claim stemmed from the probate of his grandfather’s estate. The chancellor also found that Justin, through his mother, made an appearance in that action, and he failed to raise the 1989 deed at that time. The chancellor found that Justin’s 2009 complaint was merely an attempt to reopen Edward’s estate, and the claim was barred by the two-year statute of limitations. In addition, the chancellor found that Justin could not prove any set of facts in support of his claim of undue influence. Thus, the chancellor granted the motion to dismiss on the grounds of failure to state a claim, res judicata, and as being time-barred. The chancellor also granted John and Kenneth’s motion for sanctions and awarded them $1,000 collectively as the cost of reasonable attorney’s fees. Aggrieved, Justin timely filed this appeal.
ANALYSIS
I. Failure to State a Claim
 ¶ 8. Justin did not raise this issue on appeal. However, the chancellor primarily dismissed Justin’s lawsuit for failure to state a claim upon which relief can be granted under Mississippi Rule of Civil Procedure 12(b)(6). This Court reviews a lower court’s grant or denial of a motion to dismiss using a de novo standard of review. Rose v. Tullos, 994 So.2d 734, 737 (¶ 11) (Miss.2008). The 12(b)(6) motion tests the legal sufficiency of the complaint. *471 Id. A motion to dismiss for failure to state a claim is reviewed on the face of the pleadings alone. Chalk v. Bertholf, 980 So.2d 290, 293 (¶ 4) (Miss.Ct.App.2007). In determining whether to dismiss a lawsuit for failure to state a claim, “[t]he allegations in the complaint must be taken as true, and there must be no set of facts that would allow the plaintiff to prevail.” Rose, 994 So.2d at 737 (¶ 11).
¶ 9. In his complaint, Justin charged that John and Kenneth had fraudulently obtained his grandparents’ real property by exerting undue influence over them. In his order, the chancellor stated that he took all of the allegations in the complaint as true. However, the chancellor found no merit in Justin’s assertions that John and Kenneth engaged in fraud and ruled that Justin could not prove any set of facts in support of his claim.
¶ 10. The law is clear that allegations of fraud “shall be stated with particularity.” Estate of Hudson v. Hudson, 962 So.2d 90, 93 (¶ 16) (Miss.Ct.App.2007) (citing M.R.C.P. 9(b)). “A complaint will be dismissed when a party fails to sufficiently plead allegations of fraud.” Id. (citing State Indus. v. Hodges, 919 So.2d 943, 946 (¶ 5) (Miss.2006)).
¶ 11. Justin pleaded a fraudulent conveyance in general terms; he failed to state with particularity what made the conveyance fraudulent. Because Justin failed to plead his claim of fraudulent conveyance with particularity, we find that the chancellor did not err by dismissing the lawsuit. This issue is meritless.
II. Statute of Limitations
¶ 12. “The lower court’s grant of a motion to dismiss based upon the statute of limitations presents a question of law to which this Court applies de novo review.” Anderson v. R & D Foods, Inc., 913 So.2d 394, 397 (¶ 7) (Miss.Ct.App.2005).
¶ 13. First, Justin maintains that he was not properly noticed in the estate proceeding; thus, he was not a party. However, the record shows the contrary. Mississippi Rule of Civil Procedure 4(d)(2)(A) provides that service upon a minor shall be made as follows:
[B]y delivering a copy of the summons and complaint to any one of the following: the infant’s mother, father, legal guardian (of either the person or the estate), or the person having care of such infant or with whom he lives, and if the infant be 12 years of age or older, by delivering a copy of the summons and complaint to both the infant and the appropriate person as designated above.
The chancery court’s docket shows that a summons was issued to both Justin and his mother, giving them notice of the probate of Edward’s estate, and that the summonses were returned. Thus, Justin’s argument fails.
¶ 14. Next, Justin argues that the chancellor erred by finding that his claim is time-barred pursuant to Mississippi Code Annotated section 91-7-309 (Rev. 2004). Justin contends that the statute of limitations was tolled based on the doctrine of fraudulent concealment and by the minor’s savings provision under Mississippi Code Annotated section 15-1-7 (Rev. 2003). Conversely, John and Kenneth argue that the doctrine of fraudulent concealment and the minor’s savings provision are not applicable in this case, and Justin’s claim was time-barred.
¶ 15. The chancellor found that Justin’s 2009 lawsuit was an attempt to reopen Edward’s estate. Section 91-7-309 provides a two-year statute of limitations for such claims. Justin contends that the chancellor applied the wrong statute of limitations and, instead, should have used the statute of limitations under section 15- *472 1-7 for an action to recover land. In pertinent part, section 15-1-7 provides a ten-year statute of limitations in actions to recover land; the minor savings provision allows a minor to file suit within ten years after he has attained majority.
¶ 16. However, we agree with the chancellor that this is not an action to recover land. The Mississippi Supreme Court stated that “in all the cases applying [section] 15-1-7, the contested issue always concerns ownership or possession of the property in question, such as adverse possession, a suit to remove a cloud on title, or confirmation of mineral rights.” O’Neal Steel, Inc. v. Millette, 797 So.2d 869, 873 (¶ 11) (Miss.2001); see also McWilliams v. McWilliams, 970 So.2d 200, 203 n. 1 (¶ 7) (Miss.Ct.App.2007) (citing O’Neal, 797 So.2d at 873 (¶ 11)). In McWilliams, this Court found that the appellant’s claim to set aside a warranty deed was not an action to recover land as contemplated by section 15-1-7; thus, the ten-year statute of limitations did not apply. Id. at (¶¶ 7-8). Instead, the Court found that a three-year statute of limitations applied in an action to set aside a deed based on fraud. Id. at (¶ 8).
¶ 17. Justin argued that: John and Kenneth fraudulently represented to the chancellor the amount of assets in Edward’s estate; that John and Kenneth exerted undue influence over his grandparents to obtain their property; that the property should have passed through Edward’s estate; and Justin was entitled to inherit one-third of the property. Justin’s arguments are an attempt to attack and falsify the final accounting of Edward’s estate. As a result, we find that the chancellor did not err by finding that Justin’s claim was an attempt to reopen Edward’s estate. Regardless, if this Court applies the two-year statute of limitations under section 91-7-309 or the three-year statute of limitations as found in McWilliams, Justin’s claim is still time-barred. The statute of limitations began running against Justin on November 26, 1999, his twenty-first birthday. Justin did not file this lawsuit until May 21, 2009, well outside of the statute of limitations.
¶ 18. Justin argues that the statute of limitations was tolled by John and Kenneth’s fraudulent concealment of the 1989 deed. However, an alleged fraudulent concealment does not toll the statute of limitations for matters of public record. O’Neal Steel, Inc., 797 So.2d at 875 (¶ 22). “[W]here the alleged fraudulent conveyance is recorded, the circumstances are public and the means of finding out the character of the transaction is available. Consequently, the running of the statute of limitations is not prevented.” Id. (citation omitted).
¶ 19. Also, there is evidence that Justin should have known that he had a cause of action. Justin argues that he did not realize he had a cause of action until 2007 when a great-uncle told him that he was entitled to one-third of his grandparents’ land. But in Justin’s complaint, he stated that:
[I]t was the intention of Justin’s grandparents Jacqueline and Edward Lee Walton for Justin to take per stirpes the share that would have otherwise gone to Justin’s father George Walton. Justin’s grandfather Edward Lee had personally and repeatedly expressed as much to Justin verbally.
Thus, by Justin’s own admission, he knew before his grandfather’s death that Edward owned land and that Edward had expressed an intent that Justin inherit this land. The fact that no land was distributed in Edward’s estate to Justin put Justin on notice that he had a cause of action. Justin also stated that he began spending *473 time with his uncles in 1995 or 1996, and he learned that his grandfather had owned substantial property.
¶20. Based on the foregoing, we find that there was no fraudulent concealment to toll the statute of limitations. Because of the Court’s ruling on the previous two issues, we decline to address Justin’s issues regarding res judicata.
III. Sanctions
¶ 21. In a cursory manner, Justin argues that the chancellor erred by imposing sanctions against him. Mississippi Rule of Civil Procedure 11(b) provides, in pertinent part, that:
If any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party, or his attorney, or both, to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys’ fees.
We review a chancellor’s award of sanctions for an abuse of discretion. Hodges v. Lucas, 904 So.2d 1098, 1102 (¶ 14) (Miss.Ct.App.2004).
¶ 22. The chancellor granted John and Kenneth’s joint motion for sanctions, finding that Justin “instituted a second frivolous lawsuit.” In the first lawsuit that was dismissed for failure to state a claim, Justin sued John and Kenneth and requested the chancellor to set aside a 1997 deed, which conveyed Kenneth and Jacqueline’s interest in one tract of land to John. This tract of land was also one of the six tracts of land that was conveyed to John and Kenneth in the 1989 deed. As previously mentioned, Justin failed to plead his claim of fraudulent conveyance with particularity; thus, there was no way that he could prove the claim, making the claim frivo-
lous. As a result, we find no abuse in discretion in the chancellor’s decision to impose sanctions against Justin. See, e.g., Foster v. Ross, 804 So.2d 1018, 1025 (¶ 23) (Miss.2002) (finding that an uncle was entitled to an award of attorney’s fees where his nephew filed a groundless claim against him alleging that the uncle had obtained certificates of deposits from the testator through undue influence).
¶ 23. Upon granting the motion for sanctions, the chancellor ordered John and Kenneth to submit proof of the reasonable expenses they had incurred defending this action. In the chancellor’s final judgment, he ruled that: “John Walton and Kenneth Walton are collectively awarded a judgment of one-thousand dollars ($1,000) against Justin Walton as the cost of reasonable attorney[’]s fees in this action.” (Emphasis added). However, the Court notes that there is no evidence in the record that John and Kenneth submitted proof of their expenses to the chancellor.
¶ 24. ‘While the [lower] court may find a case appropriate for the award of attorney’s fees, the actual award of attorney’s fees is still dependent upon specific proof.” Romney v. Barbetta, 881 So.2d 958, 962 (¶ 20) (Miss.Ct.App.2004) (citing A & F Properties, LLC v. Lake Caroline, Inc., 775 So.2d 1276, 1283 (¶ 22) (Miss.Ct.App.2000)). However, based upon the pleadings and documents contained in the record, it is more probable than not that John and Kenneth spent more than $1,000 in defending this action. Justin filed his complaint on May 21, 2009. Thereafter, John and Kenneth filed their answer to Justin’s complaint. John and Kenneth filed a motion to dismiss and a motion for sanctions. Justin filed a response to those motions. In addition to those pleadings, John and Kenneth filed numerous exhibits *474 to accompany their motions, which included pleadings from the probate of Edward’s estate and documents concerning the 1989 warranty deed. John and Kenneth’s attorney also had to prepare for and attend court proceedings regarding this matter.
¶ 25. Accordingly, we find that the award of $1,000 in attorney’s fees is reasonable, and the absence of specific proof is harmless error in this case. Thus, we affirm the award of $1,000 in sanctions, which is to be shared by John and Kenneth. This issue lacks merit.
¶ 26. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. MYERS, P.J., NOT PARTICIPATING.