# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-01532-COA

**HERMAN FOWLER D/B/A FOWLER
CONSTRUCTION COMPANY**                                        **APPELLANT**

**v.**

**DAVID ROGERS**                                                         **APPELLEE**

DATE OF JUDGMENT:             09/26/2018
TRIAL JUDGE:                  HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:    WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       TERRIS CATON HARRIS
ATTORNEYS FOR APPELLEE:       FRANK THACKSTON
                              W. DEAN BELK JR.
NATURE OF THE CASE:           CIVIL - PERSONAL INJURY
DISPOSITION:                  AFFIRMED - 03/10/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**GREENLEE, J., FOR THE COURT:**

¶1.     The Washington County Circuit Court granted a default judgment in favor of David

Rogers.  Herman Fowler filed a motion to set aside the default judgment, which was denied.

Fowler now appeals, claiming (1) the court erred by granting a default judgment because the

complaint failed to state a claim upon which relief could be granted, and (2) the court erred

by denying his motion to set aside the default judgment.  Finding no reversible error, we

affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In September 2013, David Rogers was employed by Fowler Construction Company.

During that time, the company was remodeling a house near Leland, Mississippi. At some point, Pro Green Lawn/Accurate Pest Management Inc. sprayed chemicals to eliminate mold from the house. After being exposed to the chemicals, Rogers developed issues with his skin and eyes.

¶3. On September 1, 2016, Rogers filed a complaint in the Washington County Circuit Court, alleging that Fowler had breached his duty to provide a reasonably safe workplace, which caused his injuries, and requested $74,500 in damages. Fowler was served with the summons and complaint the same day.

¶4. Approximately six months later, in March 2017, Rogers requested an entry of default due to Fowler's failure to appear, plead, or otherwise defend against the allegations, and default was entered on March 15, 2017. M.R.C.P. 55(a). One week later, on March 22, 2017, Fowler filed an answer to the complaint. Among his defenses, Fowler asserted that any claim was barred by workers' compensation laws and that Rogers's complaint failed to state a claim upon which relief could be granted. M.R.C.P. 12(b)(6).

¶5. Subsequently, Rogers filed a motion to strike Fowler's answer and a motion for a default judgment. M.R.C.P. 55(b). Fowler filed a response to both motions as well as a motion to set aside the entry of default. Fowler's attorney, Terris Harris, attached several emails to the response in an attempt to show that good cause existed for the delay in filing an answer because he relied on assurances from Rogers's attorney, Frank Thackston Jr., that pursuit of an entry of default would not be taken while Fowler attempted to obtain insurance coverage and/or resolve the matter. In an email dated September 26, 2016—a few weeks

2

after the complaint had been filed—Harris requested and Thackston agreed to an extension of time. Harris emailed Thackston again on November 4, 2016, to inform him that he was still trying to obtain insurance coverage. And on December 27, 2016, Harris requested an additional thirty days to file an answer. Thackston replied that he did not intend to request an entry of default without first having a discussion with Harris, and Thackston indicated that Rogers may be willing to settle.

¶6. According to Harris, on January 13, 2017, he mailed a letter to Thackston indicating that his email address had changed. However, Thackston and his legal assistant, Sheryl Parker, filed affidavits stating that they did not receive such a letter. According to Harris, he emailed Thackston three more times—on January 20, 2017; January 24, 2017; and January 31, 2017—requesting a settlement demand be sent. However, Parker's affidavit stated that Thackston did not receive the January 24, 2017 or January 31, 2017 emails.[1]

¶7. Both parties agreed that Thackston emailed Harris on February 20, 2017, with a settlement demand in the amount of $5,548. Thackston asserted that he emailed Harris again on February 23, 2017, to amend the amount to $10,548 and stated, "If we can't resolve this case by way of settlement[,] please be advised the informal extension of time to answer previously granted will expire/lapse at the end of the working day on March 3, 2017." On March 1, 2017, Harris emailed Thackston acknowledging the February 20, 2017 email and mentioned that his email address had changed. Harris emailed Thackston again on March 7, 2017, and countered in the amount of $2,500. But on March 9, 2017, Thackston requested

---

[1] Parker also stated that Thackston did not receive an email dated January 25, 2017.

an entry of default against Fowler.

¶8.    In addition to his argument that good cause existed for the delay, Fowler argued that he had a colorable defense.  Specifically, Fowler asserted that Rogers's complaint failed to state a claim upon which relief could be granted.  Fowler also argued that Rogers would not suffer any prejudice from the setting aside of the default besides having to litigate his claim.

¶9.    Despite the arguments raised in Fowler's response, on August 16, 2017, the circuit court granted Rogers's motion to strike Fowler's answer and entered a default judgment against Fowler in the amount of $30,000, with post-judgment interest at an annual rate of eight percent until paid.

¶10.    Fowler then filed a motion to set aside the default judgment.  He reasserted that good cause existed for the delay, that he had a colorable defense, and that Rogers would not be prejudiced by setting aside the default judgment.    In response, Rogers's attorney acknowledged that an extension of time had been given to Fowler but that the extension expired on March 3, 2017, according to his email dated February 23.

¶11.    The circuit court held that Fowler failed to show good cause for the delay and that Rogers would be prejudiced if the default judgment was set aside.  The court recognized that Fowler did not have knowledge of the dangerous condition and therefore had a colorable defense to Rogers's claim that he breached his duty of care, but the court nonetheless denied Fowler's motion to set aside the default judgment.

¶12.    Now Fowler appeals, claiming (1) the court erred by granting a default judgment because the complaint failed to state a claim upon which relief could be granted, and (2) the

4

court erred by denying his motion to set aside the default judgment.

## DISCUSSION

I. **Whether the court erred by granting a default judgment to Rogers because his complaint failed to state a claim upon which relief could be granted in the first place.**

¶13. Fowler argues that the court erred by granting a default judgment because the complaint failed to state a claim pursuant to Mississippi Rule of Civil Procedure 12(b)(6). The complaint alleged that Fowler breached his duty to provide a safe workplace. And our supreme court has indeed held that "an employer owes its employees the nondelegable duty to provide its employees with a safe place to work." *Green v. Allendale Planting Co.*, 954 So. 2d 1032, 1037 (¶12) (Miss. 2007) (quoting *Monroe Cty. Elec. Power Ass'n v. Pace*, 461 So. 2d 739, 748 (Miss. 1984)). But Fowler argues that the complaint did not allege that he *intended* to cause the injury. In support of his argument, Fowler cites to *Bowden v. Young*, 120 So. 3d 971 (Miss. 2013), for the following precedent:

> [i]n actions against an employer . . . the Mississippi Workers' Compensation Act generally provides the sole avenue of relief for an injured employee. The only way to bring a tort claim outside the exclusivity of the act is to allege that the employer . . . acted with *actual intent* to injure the injured party.

*Id*. at 982 (¶35) (emphasis added); *accord* Miss. Code Ann. § 71-3-9 (Rev. 2011).

¶14. However, Vardaman Dunn, in his oft-cited treatise on workers' compensation law, explains:

> [t]he liability of any employer to pay compensation is exclusive and in place of all other liability to the employee and to anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of an injury to or the death of the employee. The statute is mandatory but its application as a bar to common law actions is conditioned upon the employer

5

having duly qualified under the Act by securing to his employees the payment of compensation. *Failure thus to qualify gives an injured employee . . . the election to pursue remedies at common law.*

Vardaman S. Dunn, *Mississippi Workmen's Compensation* § 22, at 20 (reprint 1990) (3d ed. 1982) (emphasis added).

¶15. The record in this case indicates that Fowler did not qualify under the Mississippi Workers' Compensation Act, Miss. Code Ann. §§ 71-3-1 to -129 (Rev. 2011). Rogers filed an affidavit stating that when he explained what had happened to Fowler, Fowler said that he did not have workers' compensation coverage. After Rogers filed the complaint, Fowler's attorney emailed Rogers's attorney, indicating that he had not filed an answer because he was still "trying to get to the bottom of Mr. Fowler's insurance situation." Nearly two months later, Fowler's attorney stated, "We have been trying to get insurance coverage for this matter. We have been unsuccessful." Finally, in its order denying Fowler's motion to set aside the default judgment, the court stated, "[T]here is no evidence that [Fowler] had Worker's Compensation Insurance."

¶16. "In determining whether to dismiss a lawsuit for failure to state a claim 'the allegations in the complaint must be taken as true, and there must be no set of facts that would allow the plaintiff to prevail.'" *Walton v. Walton*, 52 So. 3d 468, 471 (¶8) (Miss. Ct. App. 2011) (quoting *Rose v. Tullos*, 994 So. 2d 734, 737 (¶11) (Miss. 2008)). Because nothing in the record before us suggests that Fowler qualified under the Mississippi Workers' Compensation Act, we find that the complaint states a claim upon which relief may be granted. No reversible error occurred regarding this issue.

6

## II. Whether the court erred by denying Fowler's motion to set aside the default judgment.

¶17. This Court reviews the circuit court's denial of a motion to set aside a default judgment for abuse of discretion. *Emery v. Greater Greenville Hous. & Revitalization Ass'n*, 276 So. 3d 1278, 1284 (¶20) (Miss. Ct. App. 2018) (citing *Tucker v. Williams*, 198 So. 3d 299, 309 (¶24) (Miss. 2016)). Our supreme court "has been clear that default judgments are not favored." *Id.* (quoting *BB Buggies Inc. v. Leon*, 150 So. 3d 90, 101 (¶22) (Miss. 2014)). "In particular, 'courts should not be grudging in vacating such judgment where showings within the rules have arguably been made.'" *Id.*

¶18. When ruling on a motion to set aside a default judgment, the court must consider a three-part balancing test. *BB Buggies*, 150 So. 3d at 101 (¶23). The court must determine "(1) the nature and legitimacy of the defendant's reasons for his default, i.e. whether the defendant has good cause for default, (2) whether the defendant in fact has a colorable defense to the merits of the claim, and (3) the nature and extent of prejudice which may be suffered by the plaintiff if the default judgment is set aside." *Id.* (quoting *Am. States Ins. Co. v. Rogillio*, 10 So. 3d 463, 468 (¶10) (Miss. 2009)).

### A. Good Cause

¶19. The circuit court held that Fowler failed to show good cause for his default. The court noted that Fowler claimed that he did not file a timely answer because he was attempting to obtain insurance coverage and settle the matter. The court also noted that Fowler's attorney (Harris) was helping Fowler as a friend. Although there was an agreed extension of time to file an answer between the attorneys, the court noted that "communications broke down"

7

when Harris changed his email address.  Harris claims he sent a letter to Rogers's attorney (Thackston) regarding the change in his contact information.  However, Thackston claimed he never received the letter.  On February 23, 2017, Thackston emailed Harris at his old email address, advising him that his answer needed to be filed by March 3, 2017.  When no answer was filed, Rogers requested an entry of default.

¶20.    The court held that under Rule 12(a) of the Mississippi Rules of Civil Procedure, "[the] defendant shall serve his answer within thirty days after the service of the summons and complaint upon him . . . ."  And the fact that Rogers agreed not to pursue a default did not relieve Fowler of his obligation to timely answer.  The court then found that Fowler did not show good cause.  We find that the court did not abuse its discretion in finding that this factor weighs in favor of Rogers.

### B.    Colorable Defense

¶21.    Our supreme court has "held unequivocally that the second factor . . . , the presence of a colorable defense, outweighs the other two, and the [s]upreme [c]ourt has encouraged trial courts to vacate a default judgment where the defendant has shown that he has a meritorious defense.'"  *Emery*, 276 So. 3d at 1287 (¶33) (quoting *BB Buggies*, 150 So. 3d at 102 (¶25)).  "[A] colorable defense is one that reasonably may be asserted, given the facts of the case and the current law."  *Id*. (quoting *Tucker*, 198 So. 3d at 312 (¶35)).

¶22.    The circuit court found that Fowler had a colorable defense because he alleged that he did not *know* of the dangerous condition.  In its order, the court noted that under Mississippi caselaw, "[i]t is the duty of the master to warn and instruct his servants as to

8

defects or dangers of which he knows, or in exercise of reasonable care and diligence should know, and of which the servant has no knowledge, actual or constructive." *Green*, 954 So. 2d at 1038 (¶14). While this is a true statement of law, this duty is separate from the "nondelegable duty to provide . . . employees with a safe place to work." *See id*. at 1037-39 (¶¶12-20) (distinguishing between the two duties of the employer).

¶23. Additionally, as noted by the circuit court and as discussed in part I of this discussion, the Mississippi Worker's Compensation Act does not apply to the claims in this case and therefore is not a colorable defense. Accordingly, we find this factor weighs in favor of Rogers.

### C. Prejudice

¶24. Finally, "[t]he extent of prejudice to the opposing party is a relevant consideration when ruling on a motion to set aside . . . a default judgment." *United Airlines Inc. v. McCubbins*, 262 So. 3d 536, 546 (¶31) (Miss. Ct. App. 2018) (quoting *Tucker*, 198 So. 3d at 316 (¶46)). "However, the plaintiff's need to litigate the claims in the event a default judgment is set aside is not grounds for a finding of prejudice." *Id*.

¶25. Although Rogers did not articulate any prejudice, the court held that the fact that Rogers was without a resolution for his claim constituted prejudice. *See Rogillio*, 10 So. 3d at 472 (¶23). The court noted that the complaint was filed on September 1, 2016, default was entered on March 15, 2017, and the motion for default judgment was granted on August 15, 2017. Then the court held that "[b]ased on the amount of time that has passed since the complaint and default were filed, the [c]ourt finds that [Rogers] will be prejudiced if the

9

default is set aside and that this prong weighs in favor of [Rogers]." The circuit court did not abuse its discretion in finding this factor weighs in favor of Rogers.

¶26. In conclusion, we disagree with the circuit court's finding that Fowler had a colorable defense. Despite this finding, the circuit court was not in error in denying Fowler's motion to set aside the default judgment. Therefore, we affirm the circuit court's judgment.

¶27. **AFFIRMED.**

**BARNES, C.J., WESTBROOKS, LAWRENCE AND McCARTY, JJ., CONCUR. McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. C. WILSON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY CARLTON AND J. WILSON, P.JJ., TINDELL AND McDONALD, JJ.**

**C. WILSON, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶28. I agree with the lead opinion's conclusion that Rogers's complaint states a claim upon which relief can be granted because nothing in the record indicates that Fowler qualified for the protections afforded to employers under the Mississippi Workers' Compensation Act. However, I respectfully dissent in part because in my view the circuit court abused its discretion in denying Fowler's motion to set aside the default judgment.

¶29. When deciding a Rule 60(b) motion to set aside a default judgment, trial courts must consider three factors: (1) whether the defendant has good cause for default, (2) whether the defendant has a colorable defense to the merits of the claim, and (3) the nature and extent of prejudice that may be suffered by the plaintiff if the default judgment is set aside. *See, e.g.*, *Tucker v. Williams*, 198 So. 3d 299, 309 (¶23) (Miss. 2016); *BB Buggies Inc. v. Leon*, 150 So. 3d 90, 101 (¶23) (Miss. 2014). In fact, "the same three factors considered under Rule

60(b) [in deciding whether to set aside a default judgment] are relevant to a consideration of whether to set aside an entry of default." *Tucker*, 198 So. 3d at 311 (¶29) (citing *Windmon v. Marshall*, 926 So. 2d 867, 871 (no clear paragraph available) (Miss. 2006); *King v. Sigrest*, 641 So. 2d 1158, 1162 (Miss. 1994)); *see also United Airlines Inc. v. McCubbins*, 262 So. 3d 536, 543 (¶22) (Miss. Ct. App. 2018) (citing M.R.C.P. 55(c)) (A trial court may set aside a clerk's entry of default "for good cause shown.").

¶30. Here, the circuit court first denied Fowler's Rule 55(c) motion to set aside the clerk's entry of default—before a default judgment was entered—and instead granted Rogers's requests to strike Fowler's answer and enter a default judgment. The court then denied Fowler's separate Rule 60(b) motion to set aside the default judgment. On appeal, Fowler only addresses the circuit court's ruling on his motion to set aside the entry of default judgment. Applying these three factors to either of Fowler's motions, the result would be the same. *Cf. Tucker*, 198 So. 3d at 310 (¶27) ("When reviewing the trial court's refusal to set aside an entry of default, the Court applies a more liberal standard to its consideration of these factors than it applies when reviewing a default judgment.") (citing *Windmon*, 926 So. 2d at 871 (¶14)).

¶31. As to the first factor, good cause for the default, I agree with the lead opinion, and with the circuit court that Fowler did not show good cause for his failure timely to answer Rogers's complaint. "However, lack of good cause alone will not prevent the Court from setting aside a default judgment if the other two factors weigh in favor of setting it aside." *Emery v. Greater Greenville Hous. & Revitalization Ass'n*, 276 So. 3d 1278, 1286 (¶32)

11

(Miss. Ct. App. 2018) (quoting *BB Buggies*, 150 So. 3d at 102 (¶24)).

¶32. Our supreme court has "held unequivocally that the second factor . . . , the presence of a colorable defense, outweighs the other two, and [the supreme court has] encouraged trial courts to vacate a default judgment where the defendant has shown that he has a meritorious defense." *Id.* at 1287 (¶33) (quoting *BB Buggies*, 150 So. 3d at 102 (¶25)). "A colorable defense is one that reasonably may be asserted, given the facts of the case and the current law." *Tucker*, 198 So. 3d at 312 (¶35) (citing *Woodruff v. Thames*, 143 So. 3d 546, 553 (¶18) (Miss. 2014)). "A defense need not be compelling, be proven to trial standards, or be supported by sworn evidence in order to qualify as a 'colorable defense.'" *Id.* "[E]ven a defense of 'questionable' strength may be colorable." *Id.* (quoting *Woodruff*, 143 So. 3d at 553 (¶18)).

¶33. In this case, the lead opinion concludes that Fowler failed to assert a colorable defense, overruling the finding of the circuit court that he did so. Specifically, the circuit court reasoned that

> the Defendant claims that he did not know of the dangerous condition/ chemicals and the Plaintiff's injuries were caused by the person who applied the chemical. The Court finds that this is a colorable defense to the Plaintiff's claims . . . and that the second prong of the balancing test weighs in favor of the Defendant.

I find no abuse of discretion in the circuit court's finding. To the contrary, the fact that Fowler's motion to set aside the default judgment articulated a "reasonable"—and therefore "colorable"—defense to Rogers's claims "outweighs" the other two factors as a basis for setting aside the default judgment (and indeed the entry of default before that). *E.g.*, *Tucker*,

198 So. 3d at 314-15 (¶¶42-43) (citation omitted); *Emery*, 276 So. 3d at 1287 (¶33); *McCubbins*, 262 So. 3d at 546 (¶30).

¶34. As to the third factor, neither the circuit court, the lead opinion, nor Rogers points to anything in the record to substantiate how Rogers would be prejudiced "[b]ased on the amount of time that has passed since the [c]omplaint and [d]efault were filed[.]" The record reflects that almost three years elapsed between Rogers's alleged injury and the filing of his September 2016 complaint. Further, Rogers extended Fowler's time to respond to the complaint by agreement of the parties until March 3, 2017, about six more months. When Fowler failed to answer by then, Rogers sought a default on March 15, 2017, which the clerk entered the same day. Fowler attempted to file an answer one week later. A month later, Rogers moved for the entry of default judgment. Thereafter, the parties actively litigated issues related to Fowler's default for about five months. This record, without more, reveals no undue prejudice solely from delay. *Cf. BB Buggies*, 150 So. 3d at 104-05 (¶¶33-34) (noting delays caused by plaintiffs in bringing suit and comparing lapse of "[l]ess than four months from commencement of the action to resolution on the motion to set aside the default judgment" with longer "time lapse in cases where we have found that the delay caused by the defendants was prejudicial").

¶35. "Because the law does not favor default judgments, 'where there is a reasonable doubt as to whether or not a default judgment should be vacated, doubt should be resolved in favor of opening the judgment and hearing the case on its merits.'" *Tucker*, 198 So. 3d at 309 (¶25) (quoting *Am. States Ins. Co. v. Rogillio*, 10 So. 3d 463, 467 (¶8) (Miss. 2009)). "[T]he

13

plaintiff's need to litigate the claims in the event a default judgment is set aside is not grounds for a finding of prejudice." *McCubbins*, 262 So. 3d at 546 (¶31) (quoting *Tucker*, 198 So. 3d at 316 (¶46)). Here, Fowler has shown a colorable defense to Rogers's claims, and Rogers has "fail[ed] to identify any other type of prejudice that he would experience if the default judgment is set aside." *Id.*

¶36. Even though Fowler failed to show good cause for his default, "doubt should be resolved in favor of opening the judgment and hearing the case on its merits" because the other two factors weigh in Fowler's favor. *Tucker*, 198 So. 3d at 309 (¶25) (citation omitted); *see also BB Buggies*, 150 So. 3d at 105 (¶37) (reversing trial court and setting aside default judgment where "[t]wo of the three factors—colorable defense and prejudice—weigh[ed] in favor of the [defendants]"). I therefore respectfully concur in part and dissent in part.

**CARLTON AND J. WILSON, P.JJ., TINDELL AND McDONALD, JJ., JOIN THIS OPINION.**