759 So.2d 454 (2000)
Jeff LITTLE, Helen Little and Marvin Little, Appellants,
v.
Cindy Jo Little COLLIER, Appellee.
No. 1998-CA-01519-COA.
Court of Appeals of Mississippi.
March 7, 2000.
*455 Franklin Bernard Liebling, Charles R. Brett, Tupelo, Attorneys for Appellants.
Jak McGee Smith, Tupelo, Attorney for Appellee.
BEFORE McMILLIN, C.J., BRIDGES, AND PAYNE, JJ.

PROCEDURAL HISTORY
PAYNE, J., for the Court:
¶ 1. This tort action alleging intentional infliction of emotional distress was originally filed in the Circuit Court of Itawamba County, Mississippi and was later transferred to the Chancery Court of Itawamba County, Mississippi, then transferred back to the circuit court wherein summary judgment was granted and sanctions were imposed against both the appellants and their attorneys. Feeling aggrieved of such judgment, Appellants Jeff Little, Helen Little and Marvin Little now appeal to this Court.

FACTS
¶ 2. The parties to this case are Appellee Cindy Jo Little Collier (Cindy), who was married to Appellant Jeff Little (Jeff), and Co-Appellants Helen and Marvin Little who are Jeff's parents. Jeff and Cindy were married in May 1981 and had a little girl, Holly, in 1992. The couple divorced on February 18, 1993.
¶ 3. As of February 1994, Jeff had not paid any of the $200 per month child support, as the divorce agreement had ordered him to do. At this time, Cindy filed a complaint against Jeff citing him for contempt. On September 9, 1994, the Itawamba County Chancery Court found him in contempt and awarded Cindy the arrearage *456 in child support in the amount of $3,620 Again in October 1994, Cindy filed another contempt action against Jeff, and on March 29, 1995, Cindy obtained another judgment against Jeff in the amount of $9,304. Again, on July 11, 1995, Cindy filed a motion for contempt, and on November 7, 1995, the court held Jeff in contempt. All of these actions were in the chancery court.
¶ 4. On December 5, 1995, Jeff and his parents filed this tort action in circuit court alleging intentional infliction of emotional distress. Jeff and his parents argue that since the divorce Cindy "has set out on a course of conduct calculated to lead to the total destruction of the parentchild/grandparent-child relationship between this little girl and her father's side of the family." As well, Cindy remarried and wishes her new husband be allowed to adopt Holly and become her "daddy" since Cindy claimed Jeff did not want to take on the role. After transfer to chancery court and back, the circuit court judge granted Cindy a summary judgment on April 29, 1997.
¶ 5. Jeff and his parents now appeal the denial of post-trial motions and the order to pay $3,712 to Cindy, which includes costs, attorney fees, and payment for work missed due to defending this tort action.

ARGUMENT AND DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 6. Our review of a trial judge's grant of summary judgment is well-established:
Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where there are no genuine issues of material fact such that the moving part is entitled to judgment as a matter of law. To prevent summary judgment, the nonmoving party must establish a genuine issue of material fact by means allowable under the Rule. This Court employs a de novo standard of review in reviewing a lower court's grant of summary judgment motion. Evidentiary matters are viewed in the light most favorable to the nonmoving party. If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise, the decision is affirmed.
Travis v. Stewart, 680 So.2d 214, 216 (Miss.1996) (citations omitted).
¶ 7. Finding no genuine issue of material fact to exist, we affirm the trial court's granting summary judgment in favor of appellee and impose further sanctions in accordance with Rule 38 of the Mississippi Rules of Appellate Procedure permitting such action.

ANALYSIS OF THE ISSUE PRESENTED
¶ 8. With this appeal, Jeff and his parents raise the same issues they brought before the trial court. Namely in this petition, Appellants argue the circuit court improperly dismissed the complaint rather than transferring the case to chancery court. Appellants also contend the tort of intentional infliction of emotional distress arising from an otherwise domestic relations matter is recognized by this State and should be allowed to be prosecuted.

A. IMPROPER JURISDICTION
¶ 9. One issue in this case regards whether the case should have been brought in chancery or circuit court. The summary judgment was granted April 29, 1997, on grounds that the lawsuit should not have been brought at all since no genuine issue of material fact existed. The judge also found the suit was frivolous and warranted an award of sanctions against the Appellants.
¶ 10. The complaint filed by Jeff and his parents argued intentional infliction of emotional distress in that Cindy's actions regarding Holly were deliberately calculated to torment them and to bring them grief. In the June 20, 1996 order transferring the case from chancery court back to circuit court, the judge gave no indication *457 as to his reasoning for making such transfer. Accordingly, we review the requirements for bringing an action in chancery or circuit court to determine whether jurisdiction was proper in the circuit court.
The chancery court shall have full jurisdiction in the following matters and cases, viz.:
(a) All matters in equity;
(b) Divorce and alimony;
(c) Matters testamentary and of administration;
(d) Minor's business;
(e) Cases of idiocy, lunacy, and persons of unsound mind;
(f) All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.
Miss. Const. art. 6, § 159.
¶ 11. Jurisdiction of the circuit court is described in both the Mississippi Constitution and in the Mississippi Code:
The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law.
Miss. Const. art. 6, § 156
The circuit court shall have original jurisdiction in all actions when the principal of the amount in controversy exceeds two hundred dollars, and of all other actions and causes, matters and things arising under the constitution and laws of this state which are not exclusively cognizable in some other court, and such appellate jurisdiction as prescribed by law. Such court shall have power to hear and determine all prosecutions in the name of the state for treason, felonies, crimes, and misdemeanors, except such as may be exclusively cognizable before some other court; and said court shall have all the powers belonging to a court of oyer and terminer and general jail delivery, and may do and perform all other acts properly pertaining to a circuit court of law.
Miss.Code Ann. § 9-7-81 (Supp.1999).
¶ 12. This case concerns a tort issue; as stated above, the chancery court does not have jurisdiction over such actions. This case began in circuit court, was transferred to chancery court, and then was transferred back to circuit court. The circuit court properly dismissed the action as the circuit court's jurisdiction was proper over the tort action and, as stated further, there was no issue for the court to decide.

B. CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
¶ 13. In describing intentional infliction of emotional distress, "the standard is whether the defendant's behavior is malicious, intentional, willful, wanton, grossly careless, indifferent or reckless." Morrison v. Means, 680 So.2d 803, 806 (Miss. 1996).
¶ 14. There indeed was something about Cindy's conduct that evoked a disfavorable response from the appellantsshe took Jeff to court for his not paying child support and obtained three judgments against him. Further, as stated in her testimony, Jeff showed no interest in the child, and Cindy chose to pursue the adoption route to better the little girl's situation. These are reasons for distress, but are not exhibitions of malicious, intentional, willful, wanton, grossly careless, indifferent or reckless behavior that are unwarranted by the facts of the situation. Appellants's claim of intentional infliction of emotional distress is unsupported by the facts. The judge rightly found no genuine issue of material fact in dismissing this action.

C. SANCTIONS IMPOSED BY LOWER COURT
¶ 15. Regarding sanctions, "[t]his Court will reverse only where the trial court abused its discretion in imposing sanctions, so long as correct legal standards were employed." Leaf River Forest *458 Prod., Inc., v. Deakle, 661 So.2d 188, 196 (Miss.1995).
¶ 16. The legal standard for imposing sanctions is described in the Mississippi Litigation Accountability Act of 1988, in procedural rules and in case law.
[T]he court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.
Miss.Code Ann. § 11-55-5(1) (Supp.1999).
¶ 17. The Mississippi Rules of Civil Procedure describe a situation in which sanctions are justified for an attorney's misconduct in filing a frivolous suit:
M.R.C.P. 11 states in part: (b) Sanctions. (i)f any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party, or his attorney, or both, to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys' fees. This Court has stated that "a pleading or motion is frivolous within the meaning of Rule 11 only when, objectively speaking, the pleader or movant has no hope of success."
Roussel v. Hutton, 638 So.2d 1305, 1317 (Miss.1994).
¶ 18. Did appellants have any hope of success with their case? The trial judge determined that no genuine issue existed and imposed sanctions. Finding the imposition of sanctions to be justified and not an abuse of discretion, we will not reverse.

D. FURTHER SANCTIONS IMPOSED BY THIS COURT PURSUANT TO RULE 38 OF THE MISSISSIPPI RULES OF APPELLATE PROCEDURE
¶ 19. The circuit court imposed sanctions against the appellants and their attorney for filing the frivolous lawsuit, yet Jeff and his parents apparently did not heed the judge's warning.
¶ 20. "An appeal may be taken to the Supreme Court from any final judgment of a circuit or chancery court in a civil case, not being a judgment by default, by any of the parties or legal representatives of such parties; and in no case shall such appeal be held to vacate the judgment or decree." Miss.Code Ann. § 11-51-3 (Supp.1999). We recognize that parties have a right to appeal a disfavorable judgment. However, in a case such as the present, the judge explicitly stated no issue existed and further reiterated this point by imposing sanctions for filing the frivolous suit.
More substantively, a pleading or motion is frivolous within the meaning of Rule 11 only when, objectively speaking, the pleader or movant has no hope of success. Frivolous filings impose substantial and unnecessary costs upon both litigants and the courts, and ultimately upon the public. Rule 11 must be read and interpreted in light of the purpose implicit in it: one of general deterrence of frivolous filings. Common sense informs us that we may not eliminate the frivolous filing nor its costs. The goal of Rule 11 enforcement is to holding the social cost of frivolous filings to an optimally efficient level.
Tricon Metals & Serv., Inc. v. Topp, 537 So.2d 1331, 1335 (Miss.1989) (emphasis added).
¶ 21. If the judge indeed used the Rule 11 sanction to deter the appellants from pursuing this lawsuit, the appellants filed *459 an appeal with this Court at their own peril. We note that the grounds on which the judgment was appealed were substantially the same as were in the original complaint, which shows the Appellants made no effort to rectify deficiencies in their initial complaint that the judge said were so lacking.
¶ 22. Mississippi Rule of Appellate Procedure 38 states, "In a civil case to which Miss.Code Ann. § 11-3-23 (1991) does not apply, if the Supreme Court or Court of Appeals shall determine that an appeal is frivolous, it shall award just damages and single or double costs to the appellee."
¶ 23. In light of the foregoing argument in favor of such, this Court is justified in imposing further sanctions on the appellants for pursuing this case that has no justiciable issue on appeal.

CONCLUSION
¶ 24. The decision of the lower court is affirmed; double costs are sanctioned against the Appellants pursuant to Rule 38 of the Mississippi Rules of Appellate Procedure.
¶ 25. THE JUDGMENT OF THE ITAWAMBA COUNTY CIRCUIT COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED TO THE APPELLEE. DOUBLE COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, LEE, MOORE, AND THOMAS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.