RUSSELL, J.,
for the Court:
¶ 1. This case involves the dismissal of three claims. First, the circuit court dismissed a claim for tortious interference with a marriage contract on the basis that no such cause of action existed in the state of Mississippi. Second, the circuit court dismissed a claim for alienation of affection on the basis that Alford Carter, the plaintiff below, failed to satisfy the pleading requirements of Mississippi Rule of Civil Procedure 8(a). Finally, the circuit court dismissed a claim for reckless infliction of emotional distress on the basis that the statute of limitations had run, since it was considered a claim for intentional infliction of emotional distress.
¶2. Carter appeals the Hinds County Circuit Court’s order granting Dr. Carl Reddix and Reddix Medical Group’s (“ap-pellees”) motion for a judgment on the pleadings, which dismissed these three claims. He asserts three issues on appeal, which we rephrase for clarity: (1) whether there is a claim for tortious interference with a marriage contract in Mississippi; (2) whether Carter met the liberal pleading requirements of Rule 8(a) for his alienation-of-affection claim; and (3) whether Carter’s claim for infliction of emotional distress was barred by the statute of limitations.
¶ 3. We affirm the dismissal of the claim for tortious interference with a marital contract since no such claim exists in Mississippi. We also affirm the dismissal of the reckless-infliction-of-emotional-distress claim, which was properly treated a an intentional-infliction-of-emotional-distress claim, due to the running of the one-year statute of limitations. Finally, although we find that the alienation-of-affection *854 claim was sufficiently plead under Rule 8(a), we find that this claim is also barred due to the running of the three-year statute of limitations. Therefore, we affirm the circuit court’s dismissal of Carter’s claim for alienation of affection.
FACTS AND PROCEDURAL HISTORY
¶ 4. On March 29, 2010, Carter filed a complaint entitled “tortious interference with a marriage contract” against the ap-pellees, alleging Dr. Reddix had engaged in an extramarital relationship with Carter’s wife, Harriet. The complaint read, in relevant part, as follows:
TORTIOUS INTERFERENCE WITH THE MARRIAGE CONTRACT
Throughout aforementioned extramarital relationship, Harriet L. Carter was a patient of the [defendant, Reddix Medical Group. This defendant negligently and recklessly allowed the illicit relationship between the [defendant, Dr. Carl Reddix, and its patient, Harriet L. Carter, to continue at its office and elsewhere.
Plaintiff would show unto the [c]ourt that at the time of such conduct and activities^] both the [defendants were aware of the marital relationship and contract between Harriet and [p]laintiff, Alford Carter. The Plaintiff was entitled to the lawful, natural, and conjugal rights and privileges with his spouse[,] which included, but [were] not limited to, the love, companionship, services, in-comet,] and comfort that form the foundation of a marriage. Because of the actions of the [defendants herein, the [p]laintiff has lost or suffered damage to these conjugal relationships.
The [defendant, Dr. Carl Reddix[,] did negligently and recklessly interfere with the marriage contract between Harriet L. Carter and [the][p]laintiff. The [defendant, Dr. Carl Reddix, did negligently and recklessly elicit/solicit and alienate the affection of Harriet L. Carter ... from the [p]laintiff, Alford Carter. As a direct and proximate cause of said alienation, the [p]laintiff suffered the loss of his conjugal rights and consortium with ... his wife, resulting in great grievous mental and emotional distress.
As a direct and proximate result of the negligent, wrongful,] and reckless misconduct and behavior of both [defendants with [the][p]laintiffs wife, the [p]laintiff, Alford Carter, has suffered damage to the affection and consortium ... between him and his wife, and also damage to [the][p]laintiff[’]s normal day-to-day relationships.
RECKLESS INFLICTION OF EMOTIONAL DISTRESS
The [p]laintiff would further show that the [defendant’s acts were reckless and without justification, and that the acts of the [defendants evoke outrage and disgust in civilized society. Further, the pattern of conduct perpetrated by the [defendants caused foreseeable harm to the [p]laintiff. The resulting emotional distress was foreseeable from the acts of the [defendants and caused the [p]lain-tiff great emotional distress and injuries directly resulting in damages.
PUNITIVE DAMAGES
Defendant, Dr. Carl Reddix’s wanton and reckless interference with a marriage contract, destruction of family values[,] and his actions of un-condoned adultery with [p]laintiff s wife, Harriet, [were], accompanied with expenditures of money, gifts, and concealment of a seri *855 ous nature[,] further justifying punitive damages against Reddix.
The [pjlaintiff would further show unto the [cjourt that the Reddix Medical Group engaged in such negligent, wrongful, wanton[,] and reckless conduct and behavior to such an extent, without regard to the consequences to the [pjlaintiff. Therefore, [the][p]laintiff is entitled to an award of punitive damages ... against the Reddix Medical Group in such an amount as to punish them, make an example of them to others, deter them and other similarly situated defendants from engaging in such conduct in the future[,] and otherwise serve the public interest.
COMPENSATORY DAMAGES
As a proximate consequence of the unlawful and tortious acts of both [defendants, [pjlaintiff has suffered these damages.
1. Extreme emotional distress and mental anguish[ — Jpast, present, and future;
2. Loss of the society, companionship, income[,J and consortium of his wife and interruption of [the][p]laintiff[’]s normal day-to-day relationships;
3. Destruction of [the][p]laintifPs family and loss of the comfort [and] society of the [p]laintiff[’]s wife; and,
4. Legal fees, investigative fees, and other costs associated with the interference with the marriage contract between Harriet L. Carter and [the][p]laintiff, Alford Carter.
5. Such other losses as will be shown at a hearing of this cause.
¶ 5. On September 16, 2011, the appel-lees filed a motion for a judgment on the pleadings, arguing that Mississippi does not recognize a cause of action for tortious interference with a marriage contract, and that the statute of limitations had expired on Carter’s infliction-of-emotional-distress claim. On October 5, 2011, Carter filed a response to appellees’ motion for a judgment on the pleadings.
¶ 6. On December 19, 2011, the circuit court entered an opinion and order granting the appellees’ motion for a judgment on the pleadings as follows:
1. [Carter] filed a[c]omplaint against [defendants on March 29, 2010, alleging two causes of action: [tjortious [i]nter-ference with a[m]arriage [c]ontract and [rjeckless [i]nfliction of [ejmotional [distress.
2. Mississippi law does not recognize a cause of action for tortious interference with a marriage contract. Therefore, this claim is due to be dismissed.
3. Mississippi law does, however, provide for an alienation of affection cause of action under certain circumstances. However, the [cjomplaint lacks factual allegations to support a claim for alienation of affection.
4. The [c]ourt further finds [that Carter’s] claim for reckless infliction of emotional distress should be considered as a claim for intentional infliction of emotional distress and is barred by the applicable one-year statute of limitations. This claim is also due to be dismissed.
The circuit court dismissed all claims without prejudice.
¶ 7. Thereafter, Carter did not request leave to amend his complaint. Instead, Carter appealed the circuit court’s order granting the motion for a judgment on the pleadings.
DISCUSSION
¶8. “Since a motion for [a] judgment on the pleadings under Mississippi Rule of [Civil] Procedure 12(c) raises an issue of law, this Court’s standard of re *856 view for the granting of that motion is de novo.” R.J. Reynolds Tobacco Co. v. King, 921 So.2d 268, 270 (¶ 10) (Miss.2005) (citing Hartford Cas. Ins. Co. v. Halliburton Co., 826 So.2d 1206, 1210 (Miss.2001)). “Therefore, this Court sits in the same position as did the trial court.” Id. at 270-71 (¶ 10) (citing Bridges ex rel. Bridges v. Park Place Entm’t, 860 So.2d 811, 813 (Miss.2003)). “A Rule 12(c) motion is similar to a [Mississippi] Rule [of Civil Procedure] 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.” King, 921 So.2d at 271 (¶ 10) (citing City of Tupelo v. Martin, 747 So.2d 822, 829 (Miss.1999)). For a Rule 12(c) motion, “the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond any reasonable doubt that the non-moving party will be unable to prove any set of facts in support of the claim which would entitle the non-movant to relief.” King, 921 So.2d at 271 (¶ 10) (citing Bridges, 860 So.2d at 813).
¶ 9. We note that all of the claims are time-barred due to the running of the statutes of limitations; therefore, they are procedurally barred. Notwithstanding the procedural bar, we will address the merits.
I.Tortious-Imterference-with-a-Con-tract Claim
¶ 10. Carter argues that there is a cause of action for tortious interference with a marriage contract in Mississippi,[1] and that his claim should not have been dismissed. Under Mississippi law, the elements of a claim for tortious interference with a contract are:
1. that the acts were intentional and willful;
2. that they were calculated to cause damage to the plaintiffs in their lawful business;
3. that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and
4. that actual damage and loss resulted.
Cenac v. Murry, 609 So.2d 1257, 1268-69 (Miss.1992). However, Mississippi has never recognized a cause of action for tortious interference with a marriage contract. Further, this Court refuses to create a common-law cause of action for tortious interference with a marriage contract, because Mississippi already recognizes a cause of action for alienation of affection. Therefore, if Carter wanted relief against the appellees, he should have proceeded under a claim for alienation of affection. Because Carter plead a nonexistent cause of action, we find that the circuit court properly dismissed this claim.
II. Alienation-of-Affection Claim
¶ 11. “It is well-settled law in Mississippi that plaintiffs are bound by what is alleged in the complaint, absent a subsequent amendment or modification.” Scott v. City of Goodman, 997 So.2d 270, 276 (¶ 14) (Miss.Ct.App.2008) (quoting Powell v. Clay Cnty. Bd. of Supervisors, 924 So.2d 523, 527 (¶ 11) (Miss.2006)). Under Rule 8(a)(1), “[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief];.]” M.R.C.P. 8(a)(1). Under the liberal pleading requirements of Rule 8(a), “a plaintiff must set forth factual allegations, either direct or inferential, respect *857 ing each material element necessary to sustain recovery under some actionable legal theory.” Scott, 997 So.2d at 276 (¶ 14). “However, the pleadings need only ‘provide sufficient notice to the defendant of the claims and grounds upon which relief ... is sought.’ ” Id. (quoting Estate of Stevens v. Wetzel, 762 So.2d 293, 295 (¶ 11) (Miss.2000)). “A basic objective of the rule[] is to avoid civil cases turning on technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the pleader’s claim.” Id.
¶ 12. “The elements of the tort of alienation of affection[ ] are: ‘(1) wrongful conduct of the defendant; (2) loss of affection or consortium; and (3) causal connection between such conduct and loss.’ ” Knight v. Woodfield, 50 So.3d 995, 999 (¶ 14) (Miss.2011) (quoting Fitch v. Valentine, 959 So.2d 1012, 1025 (¶ 36) (Miss.2007)). In this case, Carter’s complaint alleged, among other things, that Dr. Red-dix “did negligently and recklessly elicit/solicit and alienate the affection of Harriet L. Carter ... from [Carter,]” and “[a]s a direct and proximate cause of said alienation, [Carter] suffered the loss of his conjugal rights and consortium with ... his wife, resulting in great and grievous mental and emotional distress.” (Emphasis added). We find that Carter met the liberal notice-pleading requirements of Rule 8(a) because Carter set forth factual allegations, either direct or inferential, respecting each material element of a claim for alienation of affection. See Scott, 997 So.2d at 276 (¶ 14).
¶ 13. However, we find that Carter’s alienation-of-affection claim is time-barred. “Though alienation of affection is an intentional tort, it does not have a specifically prescribed statute of limitations. Therefore, we apply the general three-year statute of limitations found in Mississippi Code Annotated section 15-1-49 (Rev.2003).” Fulkerson v. Odom, 53 So.3d 849, 851 (¶ 9) (Miss.Ct.App.2011). For an alienation-of-affection claim, we have stated the following:
Under Mississippi law, a claim of alienation of affection accrues when the alienation or loss of affection is finally accomplished. The accrual of the claim, then, occurs when the affections of the spouse involved in the extramarital relationship are alienated. The affections of the spouse wronged by the affair are irrelevant to a determination of when the cause of action accrued.
Id. at 852 (¶ 11) (quoting Hancock v. Watson, 962 So.2d 627, 631 (¶ 16) (Miss.Ct.App.2007)).
¶ 14. In this case, Carter filed his complaint on March 29, 2010. Within his complaint, Carter alleged: “Unknown to [Carter], prior to May 24, 2004, the Defendant Reddix seduced and continued to negligently and recklessly engage in certain solicitous conduct and activities with Harriet.” (Emphasis added).[2] This is the only date provided by Carter with which we have to base our decision. Obviously, almost six years[3] had passed between the date alleged in the complaint and the date Carter filed his complaint — well over the three-year limitations period for an alienation-of-affection claim. Therefore, we *858 find that this claim was properly dismissed, but on the basis that it was time-barred.
III. Infliction-of-Emotional-Distress Claim
¶ 15. Carter argues that his claim entitled “reckless infliction of emotional distress” was actually a claim for negligent infliction of emotional distress (NIED), which has a three-year statute of limitations,[4] rather than intentional infliction of emotional distress (IIED). A claim for IIED, which has a one-year statute of limitations,[5] requires proof of the following elements:
1. [The defendant] acted willfully or wantonly towards [the plaintiff] by [description of defendant’s actions];
2. [T]he defendant’s [acts are ones] which evoke outrage or revulsion in civilized society;
8. [T]he [acts were] directed at or intended to cause harm to [the plaintiff];
4. [The plaintiff] suffered severe emotional distress as a direct result of the [acts] of the defendant; and
5. Such resulting emotional distress was foreseeable from the intentional [acts] of the defendant^]
J.R. ex rel. R.R. v. Malley, 62 So.3d 902, 906 (¶ 15) (Miss.2011) (emphasis added) (quoting Miss. Practice Model Jury Instr. Civil § 21:1 (2010)).
¶ 16. In the case before us, Carter alleged the following in his complaint regarding the infliction-of-emotional-distress claim:
RECKLESS INFLICTION OF EMOTIONAL DISTRESS
The [p]laintiff would further show that the [defendant's acts were reckless and without justification, and that the acts of the [defendants evoke outrage and disgust in civilized society. Further, the pattern of conduct perpetrated by the [defendants caused foreseeable harm to the [p]laintiff. The resulting emotional distress was foreseeable from the acts of the [defendants and caused the [p]laintiff great emotional distress and injuries directly resulting in damages.
(Emphasis added).
¶ 17. We note that the language employed by Carter in his complaint is consistent with a claim for IIED. See id.; see also Speed v. Scott, 787 So.2d 626, 630 (¶ 17) (Miss.2001) (noting that for an IIED claim, the defendant’s conduct must be “wanton and wilful and ... evoke outrage or revulsion”) (emphasis added); Evans v. Miss. Dep’t of Human Servs., 36 So.3d 463, 475 (¶ 50) (Miss.Ct.App.2010) (noting that “the plaintiff must prove the defendant’s conduct ‘was wanton and willful and evoked outrage or revulsion’ ” for an IIED claim) (emphasis added); Funderburk v. Johnson, 935 So.2d 1084, 1100, 1104 (¶¶ 40, 57) (Miss.Ct.App.2006) (noting that “[t]he tort of [IIED] requires an intentional act, one that is so extreme and outrageous as to exceed all possible bounds of decency” and that “[l]iability does not extend to ‘mere insults, threats, annoyances, or petty oppressions’ ”) (emphasis added); Little v. Collier, 759 So.2d 454, 457 (¶ 13) (Miss.Ct.App.2000) (noting that “the standard [for an IIED claim] is *859 whether the defendant’s behavior is malicious, intentional, willful, wanton, grossly careless, indifferent[,] or reckless”) (emphasis added).
¶ 18. We find that the circuit court properly treated Carter’s claim as one for IIED, which has a statute of limitations of one year. Miss.Code Ann. § 15-1-35. Therefore, we find that the circuit court properly dismissed this claim as time-barred.
¶ 19. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J. GRIFFIS, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., AND FAIR, J., NOT PARTICIPATING.

. However, Carter fails to cite one Mississippi case where our courts have applied a claim for tortious interference with a contract to a marriage contract.

. We note that the term "negligently” is inconsistent with a claim for alienation of affection, which is an intentional tort.

. Under the prior version of Mississippi Code Annotated section 15-1-49, there was a six-year period of limitations for claims arising before July 1, 1989. The statute now provides for a three-year limitations period for claims arising on or after this date.

. Miss.Code Ann. § 15-1-49 (Rev.2003).

. "In accordance with Mississippi Code [Annotated] [s]ection 15-1-35 [(Rev.2003)], the statute of limitations for an intentional-infliction-of-emotional-distress claim is one year after the cause of action accrued.” Trustmark Nat’l Bank v. Meador, 81 So.3d 1112, 1118 (¶ 16) (Miss.2012) (citing Jones v. Fluor Daniel Servs. Corp., 32 So.3d 417, 423 (Miss.2010)).