# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01747-COA

**CURTIS ANTONIO WAY**                                               **APPELLANT**

**v.**

**ROBERT G. CLARK, III, ESQ.**                                      **APPELLEE**

DATE OF JUDGMENT:                11/10/2014
TRIAL JUDGE:                     HON. JANNIE M. LEWIS
COURT FROM WHICH APPEALED:       HOLMES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          CURTIS ANTONIO WAY (PRO SE)
ATTORNEYS FOR APPELLEE:          BRYANT WANDRICK CLARK
                                 ROBERT GEORGE CLARK III
NATURE OF THE CASE:              CIVIL - TORTS - OTHER THAN PERSONAL
                                 INJURY AND PROPERTY DAMAGE
TRIAL COURT DISPOSITION:         MOTION TO DISMISS GRANTED;
                                 COMPLAINT DISMISSED WITH
                                 PREJUDICE
DISPOSITION:                     AFFIRMED IN PART AND REVERSED
                                 AND RENDERED IN PART: 01/03/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Curtis Antonio Way appeals the circuit court's dismissal of his complaint. We find the circuit court properly determined it lacked subject-matter jurisdiction, but erred in dismissing the complaint with prejudice. Thus, we affirm in part and reverse and render in part.

## FACTS AND PROCEDURAL HISTORY

¶2.     Way and Terria Hall-Mines are the natural parents of three minor children, C.A.W.,

R.A.W., and T.K.W.[1] Following his release from a Mississippi correctional facility in 2005, Way traveled to Florida. Hall-Mines and the minor children remained in Mississippi. Way claims he remained in contact with Hall-Mines, and they communicated about the development of the children.

¶3. In December 2006, Way was arrested in Florida and charged with the murder of his wife or significant other. In January 2007, Way received a letter from Hall-Mines, which referenced the murder charge. According to Way, Hall-Mines testified at his murder trial on behalf of the State of Florida.

¶4. At some point prior to March 4, 2008, Hall-Mines and her husband, L.G. Mines, filed a petition in the Chancery Court of Holmes County, Mississippi, to terminate the parental rights of Way and to adopt T.K.W. Robert G. Clark III represented Hall-Mines and Mines in the proceeding. Glen Moore was appointed guardian ad litem.

¶5. On March 4, 2008, following a hearing on the petition, the chancery court terminated Way's parental rights and declared the minor child to be adopted by Mines. Way was not present at the hearing. The chancery-court judgment indicates Way was served with process by publication, as Hall-Mines and Mines represented that Way's residence and address were unknown to them after a diligent search and inquiry.

¶6. On July 12, 2013, Way filed a complaint in the Circuit Court of Holmes County against Moore, Clark, Hall-Mines, and Mines and alleged he was never notified of the

---

[1] We use the children's initials to protect their identities and privacy.

petition to terminate his parental rights. Way further alleged Moore, Clark, Hall-Mines, and Mines knew or should have known of his address in Florida and failed to perform a diligent search and inquiry to ascertain the information. Way claimed their "actions or inactions directly prevented him from participating in [his] case, or presenting his claims or defense," and "[were] tantamount to fraud upon the Court." Way requested a jury trial and a judgment against each defendant in the amount of $100,000 in compensatory damages and $200,000 in punitive damages.

¶7. The record indicates that Clark, Hall-Mines, and Mines were timely served with process. Moore was never served. Clark filed an answer and defenses to the complaint; however, Hall-Mines and Mines never answered the complaint or entered an appearance. Way filed numerous motions for default judgment against Hall-Mines and Mines, which were denied by the circuit court. The circuit court also denied Way's motion to compel discovery as to Clark.

¶8. Clark filed a motion to dismiss the complaint based on various grounds, including the circuit court's lack of subject-matter jurisdiction, and Way's failure to plead fraud with particularity. The circuit court found it lacked jurisdiction, as the complaint derived from a chancery-court matter. The circuit court further found Way failed to properly plead the claim of fraud. As a result, the circuit court granted Clark's motion and dismissed Way's complaint with prejudice.

¶9. Way timely appealed and argues: (1) the circuit court erred in dismissing his

3

complaint for lack of subject-matter jurisdiction, (2) the circuit court erred in denying his motions for default judgment as to Hall-Mines and Mines, and (3) the circuit court erred in denying his motion to compel discovery as to Clark. We limit our discussion to the first issue, as it is dispositive.

## STANDARD OF REVIEW

¶10.    Jurisdiction is a question of law, which we review de novo. *Germany v. Germany*, 123 So. 3d 423, 427 (¶8) (Miss. 2013). Subject-matter jurisdiction is "[j]urisdiction over the nature of the case and the type of relief sought; the extent to which a court can rule on the conduct of persons or the status of things." *B.A.D. v. Finnegan*, 82 So. 3d 608, 614 (¶24) (Miss. 2012) (citing Black's Law Dictionary (8th ed. 2005)). "[I]n determining whether a court has subject-matter jurisdiction, 'one must look at the substance, and not the form, of the claim in order to determine whether the claim is legal or equitable' and 'we look to the face of the complaint, examining the nature of the controversy and the relief sought.'" *Germany*, 123 So. 3d at 428 (¶10).

## ANALYSIS

¶11.    The primary question for our review is whether the circuit court erred in dismissing Way's complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Mississippi Rules of Civil Procedure. Way asserts he was not aware of the termination-of-parental-rights proceeding until March 2013, and claims Clark, Hall-Mines, and Mines knew of his whereabouts but lied to the chancery court in order to prevent his appearance at the

4

proceeding. Way argues that as a result of Clark, Hall-Mines, and Mines's fraudulent misrepresentations, he was improperly served with process and denied reasonable notice and an opportunity to be heard. Thus, although Way alleges and seeks damages for fraud, his claims are actually based on an alleged jurisdictional defect.

¶12. There is no indication in the record that Way has addressed this potential jurisdictional defect in chancery court, or has contested the chancery-court judgment. Instead, Way seeks almost one million dollars in actual and punitive damages against Clark, Hall-Mines, and Mines in circuit court for their alleged fraud upon the chancery court. However, the fact that Way seeks punitive damages "should not be the determining factor of whether [his] claim is legal rather than equitable." *Id*. at 431 (¶19) (citing *Tideway Oil Programs Inc. v. Serio*, 431 So. 2d 454, 464 (Miss. 1983) (Claims for punitive damages are legal and not equitable, but chancery courts have actual subject-matter jurisdiction over punitive-damages claims.)).

¶13. "The chancery court has original exclusive jurisdiction over all termination of parental rights proceedings . . . ." Miss. Code Ann. § 93-15-105(1) (Rev. 2013). We are of the opinion that Way's claims are equitable in nature, and the claims are based on an alleged jurisdictional defect related to the termination-of-parental-rights proceeding. If Way's allegations are true, and he was improperly served with process, then the chancery court lacked personal jurisdiction over Way, and the judgment terminating his parental rights may be set aside. In addition, any damages sought by Way may be addressed by the chancery court. *See Serio*, 431 So. 2d at 464 ("[C]laims for punitive damages lie within the subject

5

matter jurisdiction of the chancery courts of this state."). Accordingly, the chancery court, not the circuit court, should address Way's claims of fraud and improper service of process related to the termination-of-parental-rights proceeding. Thus, the circuit court did not err in finding it lacked subject-matter jurisdiction.

¶14. Additionally, the circuit court's dismissal with prejudice was improper, as "a dismissal with prejudice indicates a ruling on the merits, which is not appropriate for a dismissal for want of jurisdiction." *Finnegan*, 82 So. 3d at 614 (¶25) (citing *Rayner v. Raytheon Co.*, 858 So. 2d 132 (Miss. 2003)). Since the circuit court lacked subject-matter jurisdiction, it was without authority to address the merits of the case. Instead, the circuit court should have simply dismissed the case for lack of jurisdiction.

¶15. We find the circuit court lacked subject-matter jurisdiction, and we find this dispositive. We therefore affirm the judgment of the circuit court on this issue, but reverse the circuit court's dismissal with prejudice and render the judgment of dismissal to be without prejudice.

¶16. **THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT AND ONE-HALF TO THE APPELLEE.**

**LEE, C.J., IRVING, P.J., ISHEE, FAIR, WILSON AND GREENLEE, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY BARNES, J. WESTBROOKS, J., NOT PARTICIPATING.**

**CARLTON, J., DISSENTING:**

¶17. I would affirm the circuit court's involuntary dismissal with prejudice of Way's

6

complaint in the instant case. *See Walton v. Walton*, 52 So. 3d 468, 471 (¶11) (Miss. Ct. App. 2011) (affirming chancellor's dismissal of lawsuit where plaintiff failed to plead his claim of fraud with particularity); M.R.C.P. 9(b) (fraud); *see also* M.R.C.P. 12 & M.R.C.P. 41(b) (involuntary dismissal).[2]  Since I find jurisdiction exists with the circuit court in this civil case for damages, and since Way failed to plead fraud with particularity, I submit that we should affirm the circuit court's involuntary dismissal with prejudice of Way's claim that is now barred by the statute of limitations.  Therefore, I dissent from the majority's finding that the circuit court lacked jurisdiction in this civil case that asserts a claim for damages for fraudulent abuse of the judicial process.

¶18.    In the case at hand, the record and procedural history show that Way asserts a civil claim for damages for abuse of the judicial process.  In this civil action for damages, Way asserts that in a separate and prior action for termination of parental rights, Clark, Moore, Hall-Mines, and Mines lied to the chancery court about Way's whereabouts in an attempt to prevent Way's appearance at the court proceeding wherein his parental rights were terminated on March 4, 2008.  In response, Way filed the instant civil cause of action on July 12, 2013, in the Holmes County Circuit Court seeking compensatory and punitive damages for alleged fraudulent or deceptive acts by Clark, Moore, Hall-Mines, and Mines in the service of process to prevent his appearance in that prior action.  The circuit court

---

[2] Abuse-of-judicial-process claims are subject to a one-year statute of limitations. *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 840 (S.D. Miss. 2011).

acknowledged that Way's civil action asserted an action for damages for alleged tortious and fraudulent abuse of the judicial process. In this civil action for damages, Way claims that he failed to receive service of process due to the alleged fraudulent abuse of the judicial process by Clark, Moore, Hall-Mines, and Mines in the separate and prior chancery action wherein his parental rights were terminated.[3]

¶19.    In dissenting from the majority's finding that the circuit court lacked jurisdiction over Way's civil action for fraudulent abuse of the judicial process, I will first address the standard of review relative to the jurisdiction of the court below in this case. This dissent will then address the circuit court's dismissal of the case with prejudice for failure to plead fraud with particularity. An analysis of the law as applied to this case reflects that the circuit court possesses jurisdiction over Way's civil action seeking monetary damages for alleged fraudulent abuse of the judicial process.[4]  *See State ex rel. McLaurin v. McDaniel*, 78 Miss.

_____

[3] *See* Miss. Const. art. 6, § 156 ("The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law."); *see also Little v. Collier*, 759 So. 2d 454, 457 (¶12) (Miss. Ct. App. 2000) (This Court held that "[t]his case concerns a tort issue . . . [and] the chancery court does not have jurisdiction over such actions"; we also found that the circuit court properly imposed sanctions against the appellants and their attorney for filing a frivolous lawsuit.); *Broadmoor Apartments of Charleston v. Horwitz*, 413 S.E.2d 9, 11 (S.C. 1991) ("There are two essential elements required for an abuse of process action: (1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular conduct of the proceedings.").

[4] *See Edwards v. Booker*, 796 So. 2d 991, 994 (¶9) (Miss. 2001) ("Whether a circuit court has jurisdiction to hear a matter is a question of law and is therefore reviewed de novo."); *Little*, 759 So. 2d at 457 (¶12) (finding the circuit court, and not the chancery court, possessed jurisdiction over an intentional-inflection-of-emotional-distress action filed against the appellant's ex-wife and also that the chancery court does not have jurisdiction

8

1, 27 So. 994, 995 (1900); *Little v. Collier*, 759 So. 2d 454, 457 (¶12) (Miss. Ct. App. 2000) (circuit court possesses jurisdiction over tort actions); *see also State v. Libbert*, 177 N.E. 873, 874 (Ind. Ct. App. 1931); *Romeo v. Jones*, 86 S.W.3d 428, 432 (Mo. Ct. App. 2002) (holding that "genuine issues of material fact existed as to whether [the] [r]espondents made an illegal, improper, [and] perverted use of process").[5]  Way's instant civil action for damages is a distinct and separate action from the prior proceeding terminating his parental rights wherein the tort allegedly occurred.  In resolving this appeal, a plenary, de novo standard of review applies to a determination of whether a circuit court possesses jurisdiction to hear a matter before it.[6]  In applying a de novo review, the law reflects that the circuit court, not the chancery court, possesses jurisdiction over tort claims for damages based upon fraudulent abuse of the judicial process.  *See Little*, 759 So. 2d at 457 (¶12).

¶20.    A de novo review of a question of law as to jurisdiction is not limited to the circuit court's legal findings.  In contrast to the assertion by the majority, while an appellate review is limited to the evidence in the record, a de novo review of a question of law as to jurisdiction is plenary and not limited to merely the legal authority asserted by the parties in

over tort actions).

[5] *See generally* Beth Bates Holliday, *Cause of Action for Abuse of Process*, 33 Causes of Action 2d 465, §§ 24-25, at 539-43 (2007).

[6] *Greater Fairview Missionary Baptist Church v. Hollins*, 160 So. 3d 223, 228 (¶14) (Miss. 2015); *Kerr-McGee Chem. Corp. v. Buelow*, 670 So. 2d 12, 16 (Miss. 1995); *Miss. State Tax Comm'n v. Med. Devices Inc.*, 624 So. 2d 987, 989 (Miss. 1993); *Myers v. Blair*, 611 So. 2d 969, 971 (Miss. 1992) (citing George D. Warner, *Warner's Griffith Mississippi Chancery Practice* § 674 (1991)).

their appellate briefs. Rather, this court must conduct the type of plenary de novo review that precedent requires. *See Kerr-McGee Chem. Corp. v. Buelow*, 670 So. 2d 12, 16 (Miss. 1995).[7]

¶21. Furthermore, the Mississippi Supreme Court has held that "[i]f a plaintiff's complaint does not comply with the particularity requirements of Rule 9(b), the complaint should not survive a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *State v. Bayer Corp.*, 32 So. 3d 496, 501 (¶19) (Miss. 2010); *In re Estate of Hudson*, 962 So. 2d 90, 92-93 (¶¶13-17) (Miss. Ct. App. 2007) (finding a complaint alleging fraud will be dismissed when the plaintiff does not plead the allegations of fraud with particularity, and results in no tolling of the statute of limitations). In addition to reviewing jurisdiction de novo, this Court reviews de novo the grant of a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6), including a motion to dismiss for failure to plead fraud with particularity under Rule 9(b).[8] However, the circuit court's decision to dismiss the claims with prejudice is reviewed under an abuse-of-discretion standard. *Wilson v. Nance*, 4 So. 3d 336, 341 (¶15) (Miss. 2009).

---

[7] *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998); *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992) ("To determine whether there are any genuine issues of material fact, the court must first consult the applicable substantive law[.]"); *see also Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991) (explaining that a de novo, plenary review constitutes a mandated independent review of a question of law); *Local 1351 Int'l Longshoremens Ass'n v. Sea-Land Serv. Inc.*, 214 F.3d 566, 569 (5th Cir. 2000) (finding plenary de novo jurisdiction an issue of subject-matter jurisdiction).

[8] *Bayer Corp.*, 32 So. 3d at 501 (¶16); *see also Howard v. Estate of Harper ex rel. Harper*, 947 So. 2d 854, 856 (¶5) (Miss. 2006).

¶22. As previously acknowledged herein, the record reflects that Way's parental rights were terminated in 2008, and the record shows that he filed the instant civil action for monetary damages for abuse of the judicial process in the circuit court on July 12, 2013. Precedent reflects that a complaint dismissed for failure to plead fraud with particularity results in no tolling of the applicable one-year statute of limitations for Way's abuse-of-judicial-process claim. *Estate of Hudson*, 962 So. 2d at 94 (¶20).

¶23. Based on the foregoing, I would affirm the result reached by the circuit court of dismissal with prejudice. *See Ross v. Milner*, 194 Miss. 497, 12 So. 2d 917, 919 (1943).

**BARNES, J., JOINS THIS OPINION IN PART.**