CARLTON, J.,
DISSENTING:
¶ 17. I would affirm the circuit court’s involuntary dismissal with prejudice of Way’s complaint in the instant case. See Walton v. Walton, 52 So.3d 468, 471 (¶ 11) (Miss. Ct. App. 2011) (affirming chancellor’s dismissal of lawsuit where plaintiff failed to plead his claim of fraud with particularity); M.R.C.P. 9(b) (fraud); see also M.R.C.P. 12 & M.R.C.P. 41(b) (involuntary dismissal).[2] Since I find jurisdiction exists with the circuit court in this civil case for damages, and since Way failed to plead fraud with particularity, I submit that we should affirm the circuit court’s involuntary dismissal with prejudice of Way’s claim that is now barred by the statute of limitations. Therefore, I dissent from the majority’s finding that the circuit court lacked jurisdiction in this civil case that asserts a claim for damages for fraudulent abuse of the judicial process.
¶ 18. In the case at hand, the record and procedural history show that Way asserts a civil claim for damages for abuse of the judicial process. In this civil action for damages, Way asserts that in a separate and prior action for termination of parental rights, Clark, Moore, Hall-Mines, and Mines lied to the chancery court about Way’s whereabouts in an attempt to prevent Way’s appearance at the court proceeding wherein his parental rights were terminated on March 4, 2008. In response, Way filed the instant civil cause of action on July 12, 2013, in the Holmes County *13 Circuit Court seeking compensatory and punitive damages for alleged fraudulent or deceptive acts by Clark, Moore, Hall-Mines, and Mines in the service of process to prevent his appearance in that prior action. The circuit court acknowledged that Way’s civil action asserted an action for damages for alleged tortious and fraudulent abuse of the judicial process. In this civil action for damages, Way claims that he failed to receive service of process due to the alleged fraudulent abuse of the judicial process by Clark, Moore, Hall-Mines, and Mines in the separate and prior chancery action wherein his parental rights were terminated.[3]
¶ 19. In dissenting from the majority’s finding that the circuit court lacked jurisdiction over Way’s civil action for fraudulent abuse of the judicial process, I will first address the standard of review relative to the jurisdiction of the court below in this case. This dissent will then address the circuit court’s dismissal of the case with prejudice for failure to plead fraud with particularity. An analysis of the law as applied to this case reflects that the circuit court possesses jurisdiction over Way’s civil action seeking monetary damages for alleged fraudulent abuse of the judicial process.[4] See State ex rel. McLaurin v. McDaniel, 78 Miss. 1, 27 So. 994, 995 (1900); Little v. Collier, 759 So.2d 454, 457 (¶ 12) (Miss. Ct. App. 2000) (circuit court possesses jurisdiction over tort actions); see also State v. Libbert, 96 Ind. App. 84, 177 N.E. 873, 874 (1931); Romeo v. Jones, 86 S.W.3d 428, 432 (Mo. Ct. App. 2002) (holding that “genuine issues of material fact existed as to whether [the] [respondents made an illegal, improper, [and] perverted use of process”).[5] Way’s instant civil action for damages is a distinct and separate action from the prior proceeding terminating his parental rights wherein the tort allegedly occurred. In resolving this appeal, a plenary, de novo standard of review applies to a determination of whether a circuit court possesses jurisdiction to hear a matter before it.[6] In applying a de novo review, the law reflects that the circuit court, not the chancery court, possesses jurisdiction over tort claims for damages based upon fraudulent abuse of *14 the judicial process. See Little, 759 So.2d at 457 (¶ 12).
¶ 20. A de novo review of a question of law as to jurisdiction is not limited to the circuit court’s legal findings. In contrast to the assertion by the majority, while an appellate review is limited to the evidence in the record, a de novo review of a question of law as to jurisdiction is plenary and not limited to merely the legal authority asserted by. the parties in their appellate briefs. Rather, this, court must conduct the type of plenary de novo review that precedent requires. See Kerr-McGee Chem. Corp. v. Buelow, 670 So.2d 12, 16 (Miss. 1995).[7]
¶21. Furthermore, the Mississippi Supreme Court has held that “[i]f a plaintiffs complaint does not comply with the particularity requirements of Rule 9(b), the complaint should not survive a motion to dismiss for failure to state a claim under Rule 12(b)(6).” State v. Bayer Corp., 32 So.3d 496, 501 (¶ 19) (Miss. 2010); In re Estate of Hudson, 962 So.2d 90, 92-93 (¶¶ 13-17) (Miss. Ct. App. 2007) (finding a complaint alleging fraud will be dismissed when the plaintiff does not plead the allegations of fraud with particularity, and results in no tolling of the statute of limitations). In addition to reviewing jurisdiction de novo, this Court reviews de novo the grant of a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6), including a motion to dismiss for failure to plead fraud with particularity under Rule 9(b).[8] However, the circuit court’s decision to dismiss the claims with prejudice is reviewed under an abuse-of-discretion standard. Wilson v. Nance, 4 So.3d 336, 341 (¶ 15) (Miss. 2009).
¶ 22. As previously acknowledged herein, the record reflects that Way’s parental rights were terminated in 2008, and the record shows that he filed the instant civil action for monetary damages for abuse of the judicial process in the circuit court on July 12, 2013. Precedent reflects that a complaint dismissed for failure to plead fraud with particularity results in no tolling of the applicable one-year statute of limitations for Way’s abuse-of-judicial-process claim. Estate of Hudson, 962 So.2d at 94 (¶ 20).
¶ 23. Based on the foregoing, I would affirm the result reached by the circuit court of dismissal with prejudice. See Ross v. Milner, 194 Miss. 497, 12 So.2d 917, 919 (1943).
BARNES, J., JOINS THIS OPINION IN PART.

. Abuse-of-judicial-process claims are subject to a one-year statute of limitations. Harried v. Forman Perry Watkins Krutz & Tardy, 813 F.Supp.2d 835, 840 (S.D. Miss. 2011).

. See Miss. Const, art. 6, § 156 ("The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law.”); see also Little v. Collier, 759 So.2d 454, 457 (¶ 12) (Miss. Ct. App. 2000) (This Court held that "[tjhis case concerns a tort issue .., [and] the chancery court does not have jurisdiction over such actions”; we also found that the circuit court properly imposed sanctions against the appellants and their attorney for filing a frivolous lawsuit.); Broadmoor Apartments of Charleston v. Horwitz, 306 S.C. 482, 413 S.E.2d 9, 11 (S.C. 1991) (“There are two essential elements required for an abuse of process action; (1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular conduct of the proceedings.”).

. See Edwards v. Booker, 796 So.2d 991, 994 (¶ 9) (Miss. 2001) ("Whether a circuit court has jurisdiction to hear a matter is a question of law and is therefore reviewed de novo.”); Little, 759 So.2d at 457 (¶ 12) (finding the circuit court, and not the chancery court, possessed jurisdiction over an intentional-inflection-of-emotional-distress action filed against the appellant's ex-wife and also that the chancery court does not have jurisdiction over tort actions).

. See generally Beth Bates Holliday, Cause of Action for Abuse of Process, 33 Causes of Action 2d 465, §§ 24-25, at 539-43 (2007).

. Greater Fairview Missionary Baptist Church v. Hollins, 160 So.3d 223, 228 (¶ 14) (Miss. 2015); Kerr-McGee Chem. Corp. v. Buelow, 670 So.2d 12, 16 (Miss. 1995); Miss. State Tax Comm’n v. Med. Devices Inc., 624 So.2d 987, 989 (Miss. 1993); Myers v. Blair, 611 So.2d 969, 971 (Miss. 1992) (citing George D. Warner, Warner’s Griffith Mississippi Chancery Practice § 674 (1991)).

. Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998); King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992) (“To determine whether there are any genuine issues of material fact, the court must first consult the applicable substantive law[.]"); see also Salve Regina Coll. v. Russell, 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991) (explaining that a de novo, plenary review constitutes a mandated independent review of a question of law); Local 1351 Int’l Longshoremens Ass’n v. SeaLand Serv. Inc., 214 F.3d 566, 569 (5th Cir. 2000) (finding plenary de novo jurisdiction an issue of subject-matter jurisdiction).

. Bayer Corp., 32 So.3d at 501 (¶ 16); see also Howard v. Estate of Harper ex rel. Harper, 947 So.2d 854, 856 (¶ 5) (Miss. 2006).